DRAUGHAN and others v. THE TOMBECKBEE BANK.

In rendering judgement nunc pro tunc, the Court cannot resort to the record in a distinct suit, though referred to by the Clerk, to supply omissions.

THE CHIEF JUSTICE delivered the opinion of the Court

In this case, a notice to James H. Draughan, Peter Randon and David Randon, that the Bank would move

for judgement against them, and the proper certificate of the President seem to have been entered on the record of the Circuit Court, for Washington county, at April term, 182 . There is nothing to shew that the notice was served, and the entry of the judgement is in these words: "same judgement against James H. Draughan and the other defendants, for six hundred and twenty-five dollars, with interest from the 29th day of December, 1820." In the transcript the clerk states that this judgement is referred for form to a judgement entered at the same term in a different suit, on behalf of the Bank against other defendants, and gives a copy of the judgement in that case, which seems to be formal and sufficient. At April term, 1825, after the return of an alias sci. fa. to revive the judgement, and an order thereon for execution, judgement nunc pro tunc was entered against James H. Draughan and Peter and David Randon. That the Circuit Court had power to enter such judgement, if the record shewed sufficient data, will not be questioned, but no aid in determining what judgement should have been rendered in this case, could properly have been derived from the case to which the clerk referred, which was in a different suit between distinct parties. In rendering the judgement nunc pro tunc, the Circuit Court should not have resorted to any evidence to shew what that judgement should be, other than was furnished by the record. The judgement must be reversed.

PARSONS, for plaintiff.

HITCHCOCK, for defendant in error.

