## TOMBECKBEE BANK *versus* STRONG'S EXECUTORS.

Where the Clerk in entering a judgment, makes the entry in short, referring to another judgment, the entry of which is full and in proper form, such judgment will not be deemed perfect, so as to authorise issuance of execution thereon.

Each judgment entered during a term must be of itself, full and in proper form, and the imperfections of one cannot be corrected by a reference to another.

On the determination of a motion quashing an execution, a writ of error will lie.

The Tombeckbee Bank obtained a judgment in the Circuit Court of Washington against several parties among whom were the defendants in error. The Clerk in entering up the judgments, drew out one in proper form and at length, and entered the rest in short, referring to the first. The judgment against the defendants was in short, and on it, execution had issued. On motion made, the Court quashed the execution, on the ground of there being no sufficient judgment, on which it could issue.

A writ of error to reverse this decision was thereupon taken to this Court.

*Hitchcock*, for Plaintiff—*Elliott, contra.*

TAYLOR, J.—In this case, the Court below quashed an execution which had been issued in favor of the Bank against the defendants, on the ground that there was no sufficient judgment to authorise the execution; and the writ of error was sued out to reverse this decision.

The case has been argued upon its merits, and also upon a preliminary motion made by the defendants to dismiss the writ of error, because there is no final judgment of the Court below.

This Court has so often overruled objections of this kind, and sustained writs of error to bring up the decisions of inferior Courts on similar motions to the one which was made in the Court below in this case, that I feel precluded from entering into an investigation of the general doctrine.

The motion to dismiss must be overruled.

It appears from the record, that this suit was commenced by notice, in the manner authorised by the charter establishing the Tombeckbee Bank. The notice is transcribed as a part of the record; after which, the caption, with which the record should have commenced, is inserted, and the transcript proceeds thus:

"Be it remembered, that a judgment was render-
"ed at the term aforesaid, of the Court aforesaid, in
"favor of the President, Directors and Company of
"the Tombeckbee Bank, against Gilbert C. Russell,
"Benjamin S. Smoot, Chamberlain & Darling, and

" the Executors of Thomas J. Strong, deceased, in
" the words and figures following, to wit:

"Judgment. { 
Same,

vs.

Gilbert C. Russell,
Benjamin S. Smoot,
Chamberlain & Darling,
Ex'rs of Thomas J. Strong.

" Same judgment for three thousand one hundred
" dollars, with interest from the 9th April, 1820—
" $3100."

"The clerk then proceeds to state, that the above
" judgment refers for form, to a preceding judgment,
" rendered at the same term aforesaid, in the words
" and figures following, viz:

" Tombeckbee Bank,

vs.

" John W. & Lem'l J. Alston, &c."

And transcribes that judgment at length, which is in
proper form.

The question is, is there a judgment in this case,
upon which an execution can be issued.

Previous adjudications of this Court have settled
this question in the negative.

In the case of *Draughan and others* vs. *The Tom-
beckbee Bank*,' it was decided, that resort can not be ¹1Stewarts
Rep. 66.
had to another case beside the one in which the mo-
tion is made, for facts on which to sustain a motion
for a judgment *nunc pro tunc*, but that the record of
the case itself must furnish sufficient data to sustain
the motion. It does not appear from the report of
the case, what facts were before the Court, but the
decision proves this much, that no resort can be

had to the judgment in the case of the *Bank* vs. *the Alstons*, to supply the deficiencies of the judgment in this case; and that the clerk can only transcribe the record in the case in which the writ of error is prosecuted, and has no authority to certify to what judgment the entry of one which refers to some other, does refer. The case of *The Tombeckbee Bank* vs. *James D. Godbold*, decided in this Court at the July term of 1830, is full to the point in this case. There the entry of the clerk in the Circuit Court, intended for a judgment, is set out in the opinion of the Court, and if there be any difference, is more definite than the one now under consideration. The name of the plaintiff, as well as of the defendants, is given in the entry, which afterwards is in these words:

"Judgment at April term 1821, for     $4907
"Interest up to April term,                122  68
                                         —————————
                                           $5029  68

In that case the Court say, "we are of opinion that the statement offered in the Court below as a judgment can not be considered as such, but must be viewed as a mere memorandum of the Clerk from which a formal judgment could thereafter be drawn up."

It is insisted, however, by the plaintiffs counsel, that the transcript in this case shews there was a judgment, and the statement of the Clerk is referred to for the purpose of sustaining that position. That statement immediately succeeds the usual caption to the record, and is evidently only the opinion of the the clerk; and not a transcript of any part of the proceedings of the case. A complete record should on-

ly embody the whole proceedings, which have been had in the suit, and which appears by the papers and minutes of the Court, and nothing can be added to it which does not appear in those proceedings. If the clerk undertakes to make that good from memory or in any other way, which according to the papers and entries in a case is bad, any thing supplied by him must be rejected.

The Court has been requested to give an opinion as to the sufficiency of the proceedings to authorise a judgment *nunc pro tunc* in the Circuit Court. I do not hesitate to say, were this *res integra*, I should think the facts sufficient to authorise such a judgment. How far the case of *Draughan* vs. *The Tombeckbee Bank* might come into collision with such a decision, I know not without examining the record in that case; and even were they such as to make it a case in point, I should feel strongly inclined to overrule it. But as there is not unanimity of opinion on this subject, and two of the members of this Court have declined sitting on the trial of the case, it is thought inexpedient to determine that point.

Let the judgment be affirmed.

LIPSCOMB, C. J. and SAFFOLD, J. not sitting.