MUNDINE VS GOLD.

*Of matters to be found by a jury.*
*Of offsets.*

1. The jury, and not the Court, are to weigh evidence, tending to prove a fact in issue, and to determine *what* facts are proved by the testimony.

2. Thus, where a defendant, under the plea of set off, adduced proof to show a sale by him to plaintiff, of a horse in part, for a judgment represented by plaintiff to exist in his favor, against one—which judgment did not exist as stated, though money from the party against whom the judgment was represented, could have been secured,—it was held—

1. That the jury should have been instructed to allow a set off to the amount, which would have been due on the judgment, if they believed the defendant could have collected that amount, in the event of the representation of the existence of the judgment being true.

2. But if the jury believed that nothing, or if any thing, less than the value of the horse could have been collected on such a judgment, the defendant was entitled to a set off, to the value of the horse at the time of sale.

On a writ of error to the Circuit Court of Shelby.

This was assumpsit by Gold against Mundine, for cotton, and goods, sold and delivered; and for money lent and advanced to, and had and received by, defendant.

The pleas were, *non-assumpsit*, payment and set off, and failure and want of consideration: and on

issue to these pleas, a verdict was rendered for the plaintiff.

On the trial, a bill of exceptions was taken, which disclosed these facts, to wit:

The defendant in support of his plea of set off, proved that previous to the institution of the suit, he sold to plaintiff a horse for eight dollars, and a judgment of forty-five dollars, with some years interest, said to have been on the dockets of either justice Johnson or justice Neckele, against one Pilgreen and one Clark; but that there was no such judgment as represented, upon either of the justices dockets. Defendant also proved that a person was indebted to Pilgreen, and that money was after this transaction collected from him, leaving a balance due to Pilgreen.

The plaintiff proved, that at the time of the purchase of the horse, he was of the opinion, and so told defendant, that the persons against whom he represented the judgment to be pending, were insolvent: and that the horse at the period it was purchased, was not worth more than fifteen or twenty dollars, though it was subsequently sold for more than fifty dollars.

In reference to this state of the facts, the Court below instructed the jury that the defendant was not entitled to set off the plaintiff's demand to the amount of the supposed judgment and interest; but that he was only entitled to the value of his horse at the time of sale, without reference to the contract of sale between the plaintiff and the defendant—there being no evidence of fraud in the sale of the horse.

To which opinion of the Court, the defendant excepted.

*Ellis & Peck* for the plaintiff in error.

HOPKINS, C. J.—The action in this case was *assumpsit*, in which the defendant in error was the plaintiff in the Circuit Court of Shelby county. One of the pleas of the plaintiff in error, upon which issue was taken, was set off. In support of this plea, the plaintiff in error proved, that he sold, previous to the commencement of the action in this case, a horse to the defendant, for the sum of eight dollars, and a judgment for forty-five dollars, and several years interest thereon, which the defendant represented would appear in his favor on the docket, of one of two justices of the peace, who were mentioned, against one Pilgreen and L. B. Clark. He proved also there was no such judgment on the docket of either of the two justices, and that after the sale of the horse, a sum of money due to Pilgreen was collected by one of his creditors from his debtor, as we understand the bill of exceptions in the case.

The defendant in error proved, that when he purchased the horse, he informed Mundine that the persons against whom, he represented he had a judgment, were insolvent. The value of the horse was proved not to have exceeded, at the time of the sale, fifteen or twenty dollars; but a subsequent sale of the horse was made for more than fifty dollars.

5 P.                    28

Upon this testimony, the Circuit Court instructed the jury, the plaintiff in error was not entitled to a set-off to the amount which was represented to be due on a judgment that had never been rendered; but to the value only of the horse, at the time of the sale, without reference to the contract of sale. The plaintiff in error excepted to the instructions of the Court.

Although there was proof, that Gold informed Mundine, when the contract for the sale and purchase of the horse was entered into, that he thought the persons against whom, he represented he had. a judgment, were insolvent; there was evidence also, which tended to prove that one of the persons had a debt due to him, which might have been secured for a partial, if not sufficient, for the full satisfaction of the judgment, if such a judgment had belonged to Gold.

It is the right of a jury and not of a Court, to weigh evidence, which tends to prove any thing in issue, and to determine what matters of fact are proved by the testimony. The jury in this case should have been instructed, that if they believed from the evidence, Mundine could have collected a judgment of the amount for which Gold represented he had one, of the persons against whom he said it was, they ought to allow Mundine a set-off to the amount which would have been due on the judgment, if the representation had been true. But if they believed nothing, or if any thing, less than the value of the horse could have been collected on such a judgment, they ought to allow Mundine a

set-off to the value of the horse at the time of the ⟩
sale.

Two parts of the record seem to have been in-
tended as bills of exceptions. The evidence set out
in one, is a little different from that in the other.
We have have noticed the one which is first set out
in the record, because it contains an exception to
the opinion of the Court. As the other contains no
exception to the charge of the Court, we can take
no notice of it for any purpose.

Let the judgment be reversed, and the cause re-
manded.