### PAGE *VS.* COLEMAN.

1. Error will lie on a refusal to quash an execution.

2. Entering into bond for the forthcoming of property levied on in execution, is not a waiver of previous irregularities.

3. Where the sole entry of judgment is on the trial docket, and minutes of the court, in these words, "judgment by default," —execution is improperly issued.

4. An execution may be quashed after its return.

Error to Mobile Circuit court.

Motion to quash an execution, heard by *Pickens,* J,

Page moved the Circuit court of Mobile county, to quash a writ of execution, which had been issued against him, on the ground, that there was no sufficient judgment to support it. To maintain this motion, he submitted two affidavits—one made by a deputy clerk of the Circuit court, the other by himself; the former stated, that the affiant had thoroughly examined the office of the [clerk of] the Circuit court, in relation to the case in which the execution issued, and he was unable to find any entry of judgment of record in the same, other than the following entry on the trial docket of November term, eighteen hundred and twenty-one, "Judgment by default;" which is entered on the minutes [of the court] in these words, "Judgment by default." The affiant also stated, that he did not believe there was any other entry of judgment of record in the said cause in the Circuit court. The latter stated that he had no recollection of

any suit having been instituted against him, either in the Circuit court of Mobile county, or in any other court, wherein Coleman was plaintiff; that he did not believe any such writ was ever served on him; that he had no recollection of having ever seen or heard of any execution in such a case, before the execution lately levied on his property; that he was induced to execute a forthcoming bond for the property levied on, because he was advised, by so doing he would have time to release himself from the judgment, by having the execution quashed at the ensuing term of the Circuit court, which he was advised, would be the least troublesome manner to free himself from the execution; and that he had no intention or idea whatever, in executing the forthcoming bond, of acknowledging the existence of any judgment against him, on which the execution could lawfully issue. The motion was overruled—Page excepting to the decision of the court, and the presiding judge signed a bill of exceptions, which discloses the facts before stated. The judgment entry is as follows:

"Samuel Coleman vs. Jacob Page.—Motion *to* quash execution, because of there being no sufficient judgment; execution issued, 22d day of September, 1837; which motion being fully heard, it was considered by the court, that the same be overruled."

It does not appear that Coleman was notified that the motion would be made, or that he was before the court in person or by attorney, when its action was demanded. The refusal of the Circuit court to quash the execution, is now assigned as error.

*Dunn,* for the plaintiff in error.

Page *vs.* Coleman:

GOLDTHWAITE, J.—Before entering into an examination of the points presented in argument, it is necessary to dispose of the preliminary objection to the jurisdiction of the court. It is insisted for the defendant in error, that a refusal to entertain a motion of this description, is not such a final judgment as will sustain a writ of error.

This question has been several times presented before this court, and has uniformly received the same determination. In Creighton vs. Denby, (Minor, 250,) a judgment of the Circuit court, refusing to quash an execution, was reversed, and the execution quashed by this court. In Wilkinson vs. Goldthwaite, (1 Stew. & Por. 159,) the general question was very fully examined, and the court then decided, that a writ of error could be maintained on a refusal to enter a judgment, *nunc pro tunc.* In Baylor vs. McGregor & Darling, (1 Stew. & Por. 158,) a judgment of the Circuit court, refusing to credit an execution with a sum of money, was affirmed, by this court, and no question was made as to its jurisdiction. And in the case of Isaacs et al. vs. The Judge of the County court of Jefferson county, (5 Stew. & Por. 402,) a refusal to quash was reversed, and the execution quashed by this court. After these repeated adjudications, the practice cannot be permitted to be questioned.

The record does not disclose the reasons which induced the Circuit court to overrule this motion, and we cannot reverse its decision, unless it satisfactorily appears, that no cause could have existed to warrant the course pursued. The court was not bound to entertain the motion, if notice had never been given to the adverse party, or a

Page *vs*. Coleman.

sufficient reason for its omission shewn.   In the case of
Clemens vs. Judson et al. (Minor, 395,) it is said that no-
tice is necessary, when a motion is made to enter judg-
ment *nunc pro tunc*, but that the notice need not appear
of record.   In the case of Baylor vs. McGregor *&* Darling,
(1 Stew. & Por. 158,) the judgment of the Circuit court,
refusing a motion to enter a credit on an execution, and
to satisfy a judgment, was affirmed, because it did not
appear that notice of the motion was given to the ad-
verse party.   Without deciding that a notice is absolutely
necessary to be given, in these or similar cases, it is clear
from the authorities cited, that a court may, in the exer-
cise of its discretion, refuse to entertain a motion, unless
notice is given, or some sufficient reason shewn, for its
omission.   The entry of the overruling of this motion
states, that it was fully heard, but this is in no wise in-
consistent with the idea, that after such hearing, the
court might have considered the case as one which ought
not to be determined, without an opportunity afforded
to the adverse party of being heard.   If the conclusion
could be arrived at, that the party was before the court,
we would not be at liberty to hesitate in pronouncing
there was error in refusing to quash the execution, as
every question raised in this court against the authority
to do so, has hitherto been decided,—except that which
is supposed to arise from the forthcoming bond.

The entering into this, cannot be construed as a con-
sent that the proceedings should be considered as regular,
or as a waiver of the irregularity.   If the suit was on
the bond, the party might not be permitted to deny the
validity of the judgment, because he would be estopped

Page *vs.* Coleman.

by his solemn deed, in which the existence of it is admitted; but this very rule, would make it the more important for him to obtain the judgment of the court setting aside the execution, and consequently destroying the legal effect of the bond.

The only mode by which the irregularity of the execution could be brought to the notice of the court, was by affidavits, and if the sole entry of judgment is the one shewn, the execution was improperly issued, and should have been quashed—(Tombeckbee Bank vs. Strong's ex'r, 1 Stew. & Por. 187; Draughan vs. Tombeckbee Bank, 1 Stewart, 66; Isaacs et al. vs. Judge of the County court of Jefferson county, 5 Stew. & Por. 402.) The case last cited, is also a conclusive answer to the argument used at bar, that an execution cannot be quashed after its return, as well as the assertion, that the only mode of relief, is by *supersedeas.* The only reason on which the refusal of the Circuit court to entertain the motion can be sustained, is because the record does not disclose a notice to the adverse party, or a sufficient cause for its omission.

Let the judgment be affirmed,