## VAN CLEAVE v. HAWORTH.

1. The third section of the act of 1835, [Digest, 621,] impliedly inhibits the issuing of an execution on a judgment then in existence, after a lapse of ten years, although one was sued out within the year and day, but never continued afterwards. And an execution issued after such a lapse of time without reviving the judgment by *sci. fa.* is irregular, and subject to be set aside.
2. The giving of a forthcoming bond is not a waiver of any irregularity in the execution.

WRIT of Error to the Circuit Court of Madison county.

This is a petition for a supersedeas of an execution; it was allowed by a circuit judge, but the court to which it was returnable quashed it, and gave judgment for costs against the petitioner and his sureties. To reverse this judgment, the writ of error is now prosecuted. A bill of exceptions shows, that the facts stated in the petition were admitted by the adverse party to be true; and they are as follows: Haworth, in May 1827, recovered a judgment in the circuit court of Madison county against Van

Cleave, for one hundred and fifty dollars, debt, and twenty-thnee dollars, damages, besides costs; on this judgment, a writ of *ca. sa.* was sued out in June, of the same year, but no other execution was afterwards sued out until the 27th of February, 1841, when a *fi. fa.* issued. This was followed by another on the 25th April, 1842, on which a levy was made, and a forthcoming bond taken. On the return of this bond as forfeited, a *fi. fa.* was sued out on it, and thereupon the supersedeas was prayed on the 8th October, 1840.

Parsons, for the plaintiff in error, insisted that no execution could regularly issue on this judgment, in consequence of the lapse of more than ten years, without any proceeding whatever. [Dig. 2d ed. 621, § 3.

McClung, *contra*—argued that this statute was not intended to have a retro-active effect on judgments in force at its enactment, but only such as might afterwards be rendered. The irregularity, if there was any, is removed by the forthcoming bond.

GOLDTHWAITE, J.—1. It is apparent that more than ten years elapsed between the suing out of the executions, and the only question is, whether the last one can be quashed as having issued contrary to the provisions of the act of 1835.

This act is somewhat obscurely worded, and in order to show its bearing on the case under consideration, the whole of the third section must be examined. It provides that hereafter, when any execution shall have been issued on any judgment or decree of the supreme court, or any circuit court, or county court, within this State, or upon any judgment of any justice of the peace, within a year and a day after the rendition of any such judgment, or the making of any such decree, which shall not have been returned satisfied in full, it shall, and may be lawful at any time thereafter to issue execution on any such judgment or decree, without suing out any *scire facias*, or other process to revive the same. And when an execution shall have been issued or sued out on any such judgment or decree, which shall not have been returned satisfied in full, such judgment or decree shall not afterwards be presumed to be paid or satisfied, without payment or satisfaction be entered on the record of the court in which such judgment or decree

shall have been rendered or made, or, in case of a judgment of a justice of the peace, on the docket in which the judgment shall have been made; or on the execution issued on such judgment or decree, unless no execution shall be issued on any such judgment or decree, for the space of ten years.

If we ascertain the evil intended to be remedied by this enactment, we shall be furnished with some clue to its proper construction; it probably was, that the law with respect to the manner and necessity for reviving judgments by *scire facias*, when either a year and a day had elapsed without execution, or where, after execution issued, a period of years had intervened between it and another. That such evils, or supposed evils were in contemplation, is rendered more probable by the fourth section, which recites that doubts had arisen whether a *scire facias* would lie on a judgment where execution had not issued within a year and a day, and then provides that such writ may be sued out. It is to be remarked also, that the first clause of the third section provides for the right to sue out execution without any limitation other than ten years, after one had been issued within a year and a day. Such we understand the law was, before this enactment, both with respect to the right to sue the execution, and also the right to have a *sci. fa.* where no execution issued within the year and day.

The only new rule, then intended by this statute seems to be, that when a period of ten years elapses from the suing out of an execution, without any continuation of the process, the same presumption of satisfaction shall arise, as does from the omission to sue out execution within a year and a day.

Considering the third section by itself, we should have little doubt that this is the proper construction, but it seems to be rendered certain, by the fact that no absolute presumption of judgment arises where no execution whatever is sued out, although more than ten years have elapsed since the rendition of the judgment. The fourth section declares the right to sue out a *sci. fa.* in such a case without limitation, and the judgment is alone controlled by the limitation of twenty years, given by the general statute.

It would be very absurd to suppose that no absolute presumption could arise of payment, where there was an entire omission to sue out execution, for any period short of twenty years; and

Van Cleave v. Haworth.

yet to hold that the omission to continue one within ten years should create a complete bar.

We consider then, the presumption of payment spoken of in the last clause of the third section as only arising to such an extent that no execution can be sued out after a lapse of ten years, in continuing the process, without reviving the judgment by *scire facias.*

It is however contended by the defendant in error, that the statute must be construed to refer only to after acquired judgments, because it is not clear that it was intended to interfere with any right then existing. The consequence of such a construction would be to suppose the enactment of a law which would have no operation whatever for ten years, as would clearly be the case if the enactment does not attach to the execution instead of the judgment. Such an idea, as it probably never was conceived by the legislature, cannot be attached to the act. We see no peculiar hardship in putting a plaintiff to a *sci. fa.* when he has neglected to continue his execution for so long a period, and it was as much within the power of the legislature to make it apply after a lapse of one day, as for a longer period. This illustration may not be necessary to show the application of the statute to this particular case, under the facts, but it would be to the cases of judgments obtained in 1825, if execution on them had been omitted until the passage of the act.

2. *It is also* contended that this is a mere irregularity under the statute, and was waived by entering into the forthcoming bond. In the case of Page v. Coleman, [9 Porter, 275,] this point was considered, and we then held that the giving of such a bond was no waiver of a previous irregularity.

Our conclusion is, that Haworth was not entitled to sue out execution without reviving his judgment. The supersedeas therefore was properly sued out, and the execution complained of as irregular, should have been quashed.

Judgment reversed and remanded.