## SHACKELFORD *vs.* MILLER ET AL.

1. A *scire facias* will lie to revive a judgment, on which no execution has issued within ten years, notwithstanding an execution issued thereon within a year and a day. The 3d sect. of the Statute of 1835, (Clay's Dig. 206,) inhibits the issuance of execution on a judgment under such circumstances.

ERROR to the Circuit Court of Tuskaloosa. Tried before the Hon. Geo. D. Shortridge.

ORMOND, for the plaintiff in error.

PECK, for the defendants.

PARSONS, J.—Shackelford recovered a judgment against the defendants in error, at the Spring Term of the Circuit Court of Tuskaloosa county, in the year 1827. From this judgment an execution issued within a year and a day, and was returned no property found. No other execution was ever issued, but the plaintiff in error, on the 10th day of December 1845, sued out a *sci. fa.* to revive the judgment, and at the Spring Term 1849, filed an amended declaration, stating the facts just mentioned, among others. The defendants in error demurred to the declaration and the demurrer was sustained by the court, and that is now assigned as error. The counsel of the defendants in error now contends that the demurrer was properly sustained, because, as he contends, the act of 1835, (Clay's Dig. 206,) does not enable a plaintiff to revive a judgment in the condition in which this is; since, in this case, an execution was issued within the year and day, and therefore the statute authorises another to be issued without a *sci. fa.*, though ten years and more have elapsed since any execution was issued. But this is contrary to what was held in Vancleave v. Haworth, 5 Ala. 188. It was there determined that the third section of the same act impliedly inhibits the issuing of an execution on a judgment, after a lapse of ten years, although one was sued out within the year and day, but never continued afterwards— and that an execution issued after such a lapse of time, without reviving the judgment by *sci. fa.*, is irregular and subject to be set aside. The counsel admits that the opinion in Vancleave

v. Haworth is against him, but he contends that it was over-
ruled in the present case when it was here before on other
grounds.—See Miller et al. v. Shackelford, 16 Ala. 95.    The
answer is, that the precise question decided in Vancleave v.
Haworth, and now again presented in the case before us, did not
arise in the present case when it was here before, and conse-
quently it was not decided.    It is true, the language of the
court, in one part of the opinion, went beyond the case before
it, and is, perhaps, not reconcilable with what was held in Van-
cleave v. Haworth ; but now upon consideration, we adhere to
what was settled in that case.    The judgment is reversed and
the cause remanded.