## SHELLEY, USE, &C., *vs.* GRAVES.

[SUPERSEDEAS OF EXECUTION ON JUDGMENT REVIVED BY SCIRE FACIAS.]

1. *Revival and presumed satisfaction of judgment.*—A judgment rendered by a justice of the peace before the adoption of the Code, upon which an execution was issued within a year, and was returned 'no property found,' is not presumed satisfied after the lapse of more than ten years without the issue of another execution, and may be revived by *scire facias* on proof of these facts.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

THE facts of this case may be thus stated: Charles P. Shelley, the appellant, suing for the use of R. M. Minatt, recovered a judgment against George W. Graves, before a justice of the peace, on the 23d March, 1838; on which an execution was issued on the 10th April, 1838, and returned 'no property found.' On the 23d March, 1854, a *scire facias* was issued on this judgment, and on the 22d April it was revived. Execution having been issued on the revived judgment, the defendant filed a petition for a *supersedeas*; and on the trial in the circuit court, these facts being in evidence, the court charged the jury, "that if no execution had issued on said judgment within the space of ten years, the plaintiff was not entitled to have it revived, and they must find the issues for the defendant." The plaintiff excepted to the charge of the court, and he now assigns it as error.

JOHN WHITE, for appellant.

A. Q. NICKS, *contra.*

WALKER, J.—The only question in this case is, whether a judgment, rendered before the adoption of the Code, by a justice of the peace, can afterwards be revived upon *scire facias*, in a case where there is no other proof than the rendition of a regular judgment, the issue of an execution upon it within a year, the return of the execution with the endorsement of *"nulla bona,"* and the failure to issue another execution for a period of about sixteen years.

Section 2419 of the Code says, that if ten years have elapsed since the date of the last execution issued, the judgment must be presumed to be satisfied, and the burden of proving that it is not satisfied is cast on the plaintiff. That section has no application to this case, because the judgment sought to be revived existed before the adoption of the Code, and the next section excepts existing judgments from its operation.

Section 2418 of the Code provides, that "when execution has been issued on a judgment within a year after its rendition, and has not been returned satisfied, another execution may be issued at any time within ten years after the test of the last, without a revival of the judgment." This last statute is an implied prohibition of the issuing of an execution, after the expiration of ten years from the test of the next preceding execution, without a revival of the judgment. The revival of the judgment in this case, upon the proof, was, therefore, proper, unless the judgment is presumed satisfied.

The statutes found in Clay's Digest, 206–7, §§ 28, 29, contained some expressions much more favorable to the idea of a presumed satisfaction, than any thing found in section 2418 of the Code; and yet, under those statutes, it was expressly decided by this court, that the presumption of satisfaction did not arise.—Daily v. Burke, 28 Ala. 328; Collins v. Boyd, 14 Ala. 508; Vancleave v. Haworth, 6 Ala. 675; Shackelford v. Miller, 18 Ala. 675; State, *ex rel.* Waring, v. Mayor, Aldermen &c. of Mobile, 24 Ala. 702. In Hanson v. Jacks *et ux.*, 22 Ala. 550, the proceeding by *scire facias* to revive a judgment is regarded as a suit upon the judgment. In the State *ex rel.* v. Mayor and Aldermen of Mobile, *supra,* it is said, that the delay in suing out the execution is such that a release is presumed, and that therefore the law does not permit the defendant to be disturbed by execution, "until he has an

opportunity of pleading the release, or showing cause, if he can, why execution cannot go."—3 Tidd's Practice, (marg.) 1093.

Whether we assimilate the proceeding by *scire facias* to a suit upon the judgment, or regard it as a requisition designed to allow the defendant an opportunity to show his discharge by release or otherwise, we can find no support for the conclusion, that the *onus* of proving the judgment not satisfied is upon the plaintiff. Besides, upon well-recognized principles of evidence, we could not exact from a party proof of such a negative, unless in obedience to the mandate of a statute. Carroll v. Malone, 28 Ala. 521, and authorities cited.

In cases to which section 2419 does not apply, the burden of proving that the judgment is unsatisfied, does not devolve upon the plaintiff, and, under the facts shown by the bill of exceptions in this case, he would be entitled to revival of the judgment, unless the defendant should introduce proof of some matter legally defensive to the proceeding.

The charge of the court below was erroneous, and its judgment is therefore reversed, and the cause remanded.