## BONNER vs. MARTIN & LOWE.

[ANCILLARY ATTACHMENT AND GARNISHMENT.]

1. Requisites of judgment against defaulting garnishee.—To sustain a judgment final against a defaulting garnishee, the record must show a previous conditional judgment against him, in the form prescribed by the statute, (Code, § 2545;) and neither the words "judgment nisi as to J. T. B.", following the judgment against the defendant in attachment, nor a recital in the final judgment of the fact that a judgment nisi had been rendered, not stating enough to show its validity, is sufficient.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. A. A. COLEMAN.

THE record in this case shows the following facts: On the 15th September, 1859, Martin & Lowe commenced an action, by summons and complaint, against Simpson H. Williams, and, at the same time, sued out a garnishment, under the act of February 5th, 1858, (Session Acts 1857–8, p. 36,) against John T. Bonner, C. B. Sanders, and C. L. Stone. At the ensuing term of the circuit court, judgment

by default was rendered against Williams, for $134 38; and at the end of that judgment these words were added: "Judgment *nisi* as to John T. Bonner and other garnishees, answer on file, and cont'd." On the 30th November, 1859, a *scire facias* was issued against Bonner, which recites a regular judgment *nisi* against him, and which was duly served on him; and at the next ensuing term of the court, a judgment was rendered against him, as follows: "Came the plaintiffs, by attorney; and it appearing to the satisfaction of the court, that the said John T. Bonner, garnishee, has been regularly served with *scire facias*, and he being called into court to show cause why judgment final should not be entered against him in this case, and the said garnishee failing to appear, it is therefore considered by the court, that the judgment for one hundred and thirty-four 38-100 dollars, heretofore rendered by this court against the garnishee, be made final, and that the plaintiffs recover of the said John T. Bonner the said sum of one hundred and thirty-four 38-100 dollars, besides all the costs and interest in the case, for which execution may issue." This judgment is now assigned by the garnishee as error.

A. B. CLITHERALL, for appellant.

A. J. WALKER, C. J.—To support a judgment final against a defaulting garnishee, it is requisite that there should have been a previous conditional judgment against him, to be made final unless he should appear within the first three days of the next succeeding term and answer.— Code, § 2545; Session Acts 1857–58, p. 36. The words found at the close of the judgment against the plaintiff's debtor, do not amount to a judgment at all.—*Dickerson v. Walker*, 1 Ala. 48; *Tombeckbe Bank v. Strong*, 1 Stew. & P. 187; *Draughn v. Tombeckbe Bank*, 1 Stew. 66. If it be conceded, that a recital in the final judgment, of the fact that the requisite conditional judgment had been rendered against the garnishee, could dispense with the necessity of an entry of the judgment itself upon the record, we should,

nevertheless, be constrained to decide, that the recital in this case is not sufficient to sustain the judgment final. It does not show, except by inference, in whose favor, or against whom the judgment *nisi* was rendered; nor does it show that that judgment was upon the condition prescribed by the statute.

Judgment reversed, and cause remanded.