Olson v. Nunnally.

---

PETER OLSON v. A. G. NUNNALLY, as Constable of Center Township, Jewell County, et al.

1. JUDGMENT — *No Legal Existence.* Under the allegations of the pleadings, it is assumed by the supreme court that a certain judgment of a justice of the peace was rendered on April 30, 1887, and set aside and a new trial granted on May 4, 1887, and the new trial was set for May 16, 1887; and upon these facts, *held,* that after May 4, 1887, the judgment of the justice of the peace had no legal existence.

2. JUSTICE OF THE PEACE — *Jurisdiction.* On May 16, 1887, the parties appeared, but the justice of the peace was absent from his office and from the township, and nothing was then done in the case. *Held,* That the justice of the peace thereby lost all jurisdiction of the case.

3. DEFUNCT JUDGMENT, *Not Revived.* Afterward, and on November 3, 1887, the justice of the peace attempted by an order to set aside and vacate his previous order setting aside and vacating the judgment and granting a new trial; but *held,* that the order of November 3, 1887, could not have the effect to revive or resuscitate the former defunct judgment.

4. Void Execution — *Collateral Attack.* Afterward an execution was issued upon the judgment and levied upon the defendant's property; but *held,* that as the judgment had no legal existence the execution was 'itself void, and could be attacked collaterally as well as directly, and its enforcement be restrained by injunction.

5. ———— *No Estoppel.* The defendant in the execution gave a redelivery bond and was thereby permitted to retain the possession of the property; but *held,* that by giving such redelivery bond he did not estop himself from afterward asserting, either directly or collaterally, that the judgment and all things depending upon it were absolutely void.

*Error from Jewell District Court.*

THE material facts appear in the opinion.

*J. H. Mechem,* for plaintiff in error.

*T. S. Kirkpatrick,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Jewell county on December 13, 1887, by Peter Olson against N. Lindgrove and A. G. Nunnally, to perpetually enjoin the defendants from making a sale of certain personal property belonging to Olson and levied on by the defendant Nunnally as constable of Center township, in said county, under an execution issued by J. W. McRoberts, a justice of the peace of said township, upon a supposed judgment in favor of Lindgrove, as the judgment creditor, and against Olson, as the judgment debtor. The plaintiff, Olson, in his petition in the district court, sets forth and alleges that the judgment upon which the execution was issued was rendered on April 30, 1887, and he attaches a certified transcript of the judgment and the proceedings of the justice of the peace to his petition, and makes them a part thereof. This transcript shows that the trial before the justice was had on April 28, 1887, and then follow these words: "After hearing arguments of counsel and taking the matter under consideration until April 30, 1887;" and then follows the justice's judgment, which is entered without any further date being given.

Olson further alleges in his petition, and shows by the transcript, that on May 4, 1887, such judgment was set aside and vacated and a new trial granted, upon a motion made by himself for that purpose, upon the ground of newly-discovered evidence, and the new trial was set for May 16, 1887. But it is also alleged that on that day the parties appeared, but the justice of the peace was absent from his office and from the township, and nothing further was done in the case. The transcript also shows that on November 3, 1887, the justice of the peace attempted to set aside and vacate his previous order setting aside and vacating the aforesaid judgment and granting a new trial, for the reason that the aforesaid motion of Olson's to vacate the judgment and for a new trial was not "in writing as agreed upon." Upon this subject Olson alleges in his petition that it was agreed by the parties at the time that the motion might be made orally. Whether Olson or his counsel was present or not, or had any notice when this last order of the justice was made attempting to set aside his former order vacating the judgment and granting a new trial, the transcript is silent. Other allegations are contained in the petition, not necessary to be stated for the purposes of any question now presented to this court. This petition was duly verified by affidavit. The defendants answered, setting up the aforesaid judgment, execution, and levy, and also that the defendant gave a redelivery bond, on account of which he was permitted to retain the possession of the property levied on. The defendants also allege in their answer that the aforesaid judgment was rendered on April 28, 1887, and that Olson did not make any motion for a new trial within five days thereafter; and they attach a certified transcript of the judgment and proceedings of the justice of the peace to their answer, and make the same a part thereof. This transcript shows precisely the same as the one attached to the plaintiff's petition, except that it does not contain the words "after hearing arguments of counsel and taking the matter under consideration until April 30, 1887." The plaintiff replied to this answer by filing a general denial. Neither the answer nor

the reply was verified by affidavit. At the June term of the district court, in 1888, the defendants made and presented a motion for judgment upon the pleadings, which motion was sustained, and judgment was rendered in favor of the defendants and against the plaintiff for costs; and the plaintiff, as plaintiff in error, brings the case to this court for review.

It would seem to us that the judgment of the district court is erroneous and must be reversed. For the purposes of the case it must be assumed, either that the judgment of the justice of the peace was rendered on April 30, 1887, or that there was an issue of fact presented by the pleadings of the parties as to whether it was rendered on that day or on April 28, 1887; and as the plaintiff, Olson, in his petition alleged, and his transcript showed, that the judgment was rendered on April 30, 1887, he certainly had a right, either to have this allegation to be considered as true, or the right to prove the same by evidence; provided, of course, that the same shall be considered as material in the case and as controverted by the defendants. We shall therefore assume for the purposes of this case that the judgment was rendered on April 30, 1887. We shall also assume for the purposes of this case, that in any case a motion to vacate or set aside a decision or verdict rendered in a justice's court and for a new trial must be made within five days after the decision or verdict is rendered; (Justices' Code, § 110;) and that the motion should be in writing, but that the parties and the justice may waive the writing, and permit the motion to be made orally; and with these assumptions, the following questions arise: Was the judgment of the justice of the peace a valid and subsisting judgment at the time when the execution in question in this case was levied on Olson's property? And did he, by giving the redelivery bond, estop himself from questioning its validity? The judgment, if rendered on April 30, 1887, as alleged by the plaintiff and shown by his transcript, was certainly vacated and set aside on May 4, 1887, and therefore at that time it ceased to have any legal existence. The action, however, was still pending before the justice of the peace, and the case was set for a second trial on May 16, 1887;

but on that day the justice of the peace was absent from his office and from the township, and nothing was done in the case, and therefore, under the authorities, the justice lost all jurisdiction of the case. (*Martin v. Fales*, 18 Me. 23; *Flint v. Gault*, 15 Hun, 213; *Lynsky v. Pendegrast*, 2 E. D. Smith, 43; *Downer v. Hollister*, 14 N. H. 122; 12 Am. & Eng. Encyc. of Law, 402, and cases there cited.) And the subsequent order of the justice of the peace attempting to vacate his former order vacating the judgment and granting a new trial certainly could not revive or resuscitate the former defunct judgment. There being, then, no valid judgment in existence to uphold the execution when the same was levied upon Olson's property, the execution was itself absolutely void, and it may be attacked collaterally as well as directly, and its enforcement be restrained by injunction. (1 Freeman, Ex., § 20; 12 Am. & Eng. Encyc. of Law, 400, 401; *Mo. Pac. Rly. Co. v. Reid*, 34 Kas. 410, 413.)

It is further claimed by the defendants, Lindgrove and Nunnally, that the plaintiff, Olson, who was defendant in the execution and whose property was levied on, is estopped from claiming that the judgment of the justice of the peace is void, for the reason that he gave a redelivery or forthcoming bond, and was thereby permitted to retain the possession of the property levied on; and several authorities are cited as authority for this claim, among which are certain decisions rendered by this court. (*Sponenbarger v. Lemert*, 23 Kas. 55; *Haxtun v. Sizer*, 23 id. 310; *Wolf v. Hahn*, 28 id. 588; *Case v. Steele*, 34 id. 90.) These cases have no application to, the present case. These cases have nothing to do with void judgments, void executions, or void levies, but go only to this extent: Where property of the defendant is levied upon by an officer under judicial process, and the defendant or anyone for him afterward gives a redelivery or forthcoming bond, the party giving such bond or procuring it to be given is estopped from afterward asserting title to the property in any person other than the defendant in the process. But where a judgment upon which an execution is issued and levied is void, which

renders all the subsequent proceedings void, the party giving the redelivery bond, and thereby obtaining the right to retain the possession of the property levied on, does not thereby estop himself from afterward asserting either directly or collaterally that the judgment and all things depending thereon are utterly and absolutely null and void. (2 Freeman, Ex., § 264; *Earl v. Camp*, 16 Wend. 562; *Perry v. Williams*, 39 Wis. 339; *Buckingham v. Bailey*, 4 S. & M. [12 Miss.] 538; *Ex parte Cheatham*, 6 Ark. [1 English], 531; *Newburg v. Munshower*, 29 Ohio St. 617; *Van Cleave v. Haworth*, 5 Ala. 188; *Page v. Coleman*, 9 id. 275.) We do not hold in this case that a party after giving a redelivery or forthcoming bond may then interpose objections because of any mere irregularities in any of the prior proceedings; but we simply hold that a party giving such a bond is not estopped from afterward asserting that all the prior proceedings are absolutely and utterly void.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.