# Deer *v.* The State, *ex rel.* Tuthill, *et al.*

## *Bill to Abate Public Nuisance.*

### (Decided May 14, 1908. 46 South. 848.)

1. *Pleading; Demurrer; Admission.*—The facts stated in a petition in the nature of a bill of revivor are confessed on demurrers to the petition.

2. *Equity; Decree; Bill to Enforce; Parties.*—The resident citizens of a town may file a petition in the nature of a bill of revivor for the effectuation of a decree abating a public nuisance and perpetually enjoining the same, which decree was rendered in a suit by the town therefor; and such citizens may file it in the name of the state on the relation of themselves.

3. *Same; Notice.*—A former decree being notice to the world, it is not necessary to allege in the petition in the nature of a bill of revivor for the effectuation of a decree, directing the abatement of a public nuisance and enjoining the individual and his assigns from continuing the nuisance, that the assignee of the original respondent had notice of such decree, although the petition is filed against the assignee.

APPEAL from Mobile Chancery Court.
Heard before Hon. THOMAS H. SMITH.

[Deer v. the State ex rel. Tuthill, et al.]

Bill by the state, on the relation of George A. Tuthill and another, in behalf of themselves and other inhabitants of the town of Claiborne, against William P. Deer, to enforce a decree formerly rendered abating a public nuisance. From a decree overruling demurrers and a motion to dismiss the bill, defendant appeals. Affirmed.

The bill alleges that relators are informed and allege on information that the town of Claiborne was incorporated by an act of the General Assembly of Alabama many years ago, and long before the late Civil War, and that it was incorporated as, or known as, the "intendent and council of the town of Claiborne," and that the officers and governing body elected at the last election for said town of Claiborne are no longer acting as such, and in the belief of affiant and relators have moved away. The bill then sets out the former bill and decree, which is in substance that the original decree was based on a bill filed by the town of Claiborne, a municipal corporation, against one Hugh B. Davidson, seeking to abate a nuisance; the nuisance complained of being the obstruction of a part of one of the streets in the said town of Claiborne and the exclusive occupation by said Davidson of a certain part of the public commons of the said town of Claiborne, said public commons being open to the use and enjoyment of all the citizens of said town equally. The final decree of the said chancery court in said cause ascertained and declared that the occupancy by said Davidson of a part of one of the streets of said town and also of a certain part of said public commons was a public nuisance, and directed the abatement of the same and that all process sould or might issue to enforce the decree of the court. It appears from the record that for a time the decree of the court was obeyed. The decree enjoined the said Hugh B. Davidson to rightfully occupy and

maintain a public warehouse on a certain specified part of the said public common, from ever exclusively occupying the said part of the said public common adjoining the part so occupied by him rightfully, and perpetually enjoined him and his assigns and successors to the said warehouse property from in any way interfering in said public property or occupying the same to the exclusion of any of all of the citizens of Claiborne. It further appears from the bill that the respondent, Deer, is one of the assigns through mesne conveyances of the said Davidson, and that in disregard of the decree of the chancery court in said case proceeded to capture and occupy exclusively for his own use the aforesaid grounds of the public commons, by putting fences around the same and raising crops thereon. It further appears that relators are, and have been for many years, citizens of Claiborne, and deprived by the action of said Deer of the right of access to and the use and enjoyment of said public commons, and also a part of said public street, and the relators seek to revive and carry into effect the aforesaid decree of said chancery court. The demurrers raised the question of the right of relators to pursue the action, and also a want of notice to Deer of the former decree.

O. O. BAYLES, and HYBART & BURNES, for appellant. The court erred in overruling demurrers 1 and 2.— *United States v. Ill. Cent. R. R. Co.*, 154 U. S. 238, It is a well settled proposition that the town of Claiborne is still a municipality and can elect officers at any time it sees fit.—24 Ala. 398; 62 Ala. 471.

C. J. TORREY, for appellee. The relators had the right to file the bill.—*State ex rel. Warning v. Mayor of Mobile*, 24 Ala. 701; *Griffin v. Spence*, 69 Ala. 393.

DOWDELL, J.—This is a petition by the appellees in the nature of a bill of revivor for the effectuation of a decree of the chancery court abating a public nuisance and perpetually enjoining the same. The decree' sought to be enforced was rendered in a case of the intendant and council of the town of Claiborne against Hugh Davidson in the year 1874. To the present petition a demurrer was interposed, which was overruled by the chancellor, and from the decree overruling the demurrer this appeal is prosecuted.

Two questions are presented by the ruling on the demurrer for our consideration. The first is that the petitioners are not the proper parties to file the petition, and the second is that the petition does not show that the defendant had any notice of the decree sought to be enforced. On the facts stated in the petition, which are confessed on demurrer, the petitioners show that interest in the enforcement of the decree that will authorize the filing of the petition in the name of the state by them as relators.—*State ex rel. Waring v. Mayor, etc., of Mobile,* 24 Ala. 701; *Griffin v. Spence,* 69 Ala. 393.

As to the second question, it is sufficient to say that the decree of the chancery court sought to be enforced was notice to the world, and averment in the petition of notice to the defendant was not necessary.

The decree appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.