THIS was a suit in chancery brought by Roberts to recover of Jones the value of negro Dixon and the costs of a suit which had been brought against Roberts by Armstrong.
The bill alleges the negro Dixon was sold by Jones to Colvin, and a bill of sale warranting the title of the negro executed by Jones to Colvin ; that the negro was afterwards sold by Colvin to Roberts, and the bill of sale executed by Jones, assigned by Colvin to Roberts; that Roberts afterwards sold the negro to Armstrong, against whom, suit was brought by others claiming adversely to the title of Jones and the negro recovered; and that Roberts has since been compelled, by a decree of a court of equity, to compensate Armstrong for the loss of the negro. The bill moreover charges, that the bill of sale given by Jones to Colvin has been lost, or the possession thereof fraudulently obtained by Jones, and after making Jones and the heirs of Colvin defendants, prays the appropriate relief, &c.
The answer of Jones -denies the execution of any such bill of sale as that charged in the bill; alleges that if any such existed it was a forgery, and in every material- respect, puts Robertson the proof of the allegations contained in his bill.
The circuit court pronounced -an interlocutory decree favorable to the claim of Roberts, but on the petition of Jones, the interlocutory decree was set aside, and finally, the bill was dismissed with costs.
From that decree, Roberts has appealed to this court.
2. In dismissing the bill of Roberts, we apprehend the circuit court decided correctly. The evidence contained in the record, we suppose not of a character *89 calculated to prove, in opposition to the denial of Jones, the execution of the bill of sale to Colvin, as aL Ieged in the bill. Without the aid of the evidence of Thomas Harper, the proof would be totally insufficient to establish the execution of such a bill of sale, and with Harper’s evidence, it would require the most fa. vorable construction for Roberts to justify the conclu sion, of the bill of sale having been given.
bill, f sale e ieuied by tlld i,y c. as_ s'-gned <o the complainant ^"ort-ed bv proof of such bill, ex-dan,, K.by K. a si-ned t° c ?,ld N ^ piainant.
The Court of Wl!1 q^elnto the regular!*, ty of t-king were read in the c urt of orig;na' ^u™[h ^¿'objection. J
But the opposing evidence in the cause, entirely des troys the force of Harper’s testimony. He is, not only from his general character and habits of intemper, anee, proven to be a man easily imposed on ; but he is also proven to have said that what he had deposed to, in relation to the bill ot sale, was the result of the confideuce he had placed in the representation of Roberts. and that he had since been informed by Roberts, that instead of executing a bill of sale to. Colvin, Jon; s ;r. d given it to King, who had assigned it to Colvin and by Colvin it had been assigned to Roberts. If. in fact, Jones executed a bill of .sale, warranting the title to King, and that bill of sale has come to Roberts by a regular contract and assignment, Jones may, notwithstanding lie gave no bill of sale to-Colvin, be liable to Roberts ; but then the claim of Roberts should be asserted under the bill"of sale to King, and cannot authorise a decree upon allegations, .such as those contained in the present bill, of the execution of a bill of sale by Jones to Colvin. *
3. It is true, as has been, suggested by the counsel of Roberts, that the opposing evidence to which have referred, was taken by Iones after the interlocu tory decree was set aside, and it may be true, that no order or commission for the taking that evidence, was ever obtained. But it should not be forgotten, that the evidence was read on the trial in the circuit court without objection, and this court will never enquire info the regularity of taking evidence where no ob jections are made in the court of original jiirisdic tion.
Whether or not the court was correct in sotting aside the interlocutory decree, we have not thought material to enquire; for, as we s-pp.-te enough exists in the record to justify the decree finally pronounced, that decree should, not be reversed'for any error which *90 may have been previously committed in setting aside an interlocutory order.
The decree must, consequently, be affirmed with costs.