JUDGE PRYOR,
delivered the opinion of the court.
This is an appeal from a judgment rendered in the circuit court dismissing an appeal from the judgment of an inferior court sustaining an attachment. The debt sought to be collected was one hundred dollars.
By section 292, chapter 2, Civil Code, it is provided that an order sustaining an attachment on the rendition of the judgment is the subject of an appeal. There is in regard to *625 attachments no provision in this chapter or elsewhere in the Code that restricts the right of appeal in such cases to judgments rendered in the circuit court.
Section 822, Civil Code, provides that “the provisions of this Code shall regulate proceedings in civil actions in the quarterly courts, county courts, police courts, mayor’s courts, and courts of justices of the peace,” except as provided in that chapter. Section 824 provides that the duties and powers conferred in the Code upon clerks shall devolve on the judge or justices of such courts where by law the judge or justices are required to act as the clerk of their court. This chapter also prescribes the manner in which proceedings are had in inferior courts, and in no provision, expressly or by implication, deprives a party in an inferior court of the right to an appeal from an order sustaining an attachment.
The defendant may not desire to appeal from the judgment rendered for the amount of the debt, for the reason that he may justly owe it; but it does not follow because he admits the justice of the demand that the creditor is entitled to an attachment, or that the court should sustain it when obtained. The debt may be due and just, while the proceeding by attachment to cause its payment is illegal and oppressive; and if so, the right to an appeal from the order made in this subordinate proceeding should not be denied the party aggrieved, and particularly when this right is given by an express provision of the Code.
When an appeal is taken from the inferior court, from such an order, the creditor can proceed to collect his judgment by an ordinary execution, but can not sell the attached property under his attachment, as that right is taken from him by the appeal. If the circuit court sustains the attachment, an order will be made directing a sale of the property attached to satisfy the judgment; and if in the mean time the defendant has paid it, he can easily make this defense in the circuit coui’t, and *626 that court, this fact appearing, although sustaining the attachment, will refuse to sell, because the debt .has been paid. If the inferior court, or rather the plaintiff in that court, attempts to collect the judgment after it has been satisfied by a sale of the attached property in the circuit court, he may be enjoined, as in any other case, from proceeding to collect by execution where payment has been made after judgment.
A bond having been executed to pay the costs and any judgment that might be rendered on the appeal from the order sustaining the attachment, the circuit court had the jurisdiction to hear the case.
The judgment is reversed, and cause remanded for further proceedings consistent with this opinion.
Judge Coker not sitting.