CASE 101—ATTACHMENT—FEB. 25.

# Schnabel, Etc. v. Jacobs, Etc.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. APPEALS—JURISDICTION—ATTACHMENT.—This court has jurisdic-
tion of an order discharging an attachment but giving judg-
ment for the debt sued for, where the amount sued for is
sufficient to authorize an appeal.

2. ATTACHMENT—SPECIFIC, FOR MORTGAGED PROPERTY.—An affidavit for
a specific attachment under sec. 249 of the Civil Code need not
state that the debt is due.

2. SAME.—A sale of mortgaged merchandise in the ordinary course
of business is not such a selling, concealing or removal of the
property from the State as to authorize an attachment under
sec. 249 of the Civil Code.

4. SAME—CONTROVERTING GROUNDS OF ATTACHMENT.—Where the
grounds of attachment are set out in a verified petition, they
should be treated by the court as sufficiently controverted by an
unverified answer, no motion having been made by the plaintiff
to require the defendant to verify the answer.

S. B. & R. D. VANCE, FOR THE APPELLANTS.

1. The answer was not verified. The grounds of attachment were,
therefore, not controverted.

2. Under sec. 249 of the Civil Code it was not necessary for the
plaintiff to state that his debt had matured.

SAME COUNSEL IN A PETITION FOR A REHEARING.

1. The proof sustains the grounds of attachment. Selling the mort-
gaged merchandise without keeping the stock renewed was
within the meaning of section 249 of the Civil Code.

2. The grounds of attachment under the Code must be controverted
by an affidavit or a verified pleading.

Citations: Gaar, Scott & Co. v. Lyon, 99 Ky., 672; Locke v. Boles,
14 Ky. Law. Rep., 573; Civil Code, secs. 196, 263; Talbot v.
Pierce, 14 B. M., 158; Scott v. Doneghy, 17 B. M., 321.

Schnabel, &c., v. Jacobs, &c.

MONTGOMERY MERRITT, for appellees.

1. Under the judgment herein there is nothing involved but the costs of the attachment and that is not sufficient to give this court jurisdiction. The appeal should, therefore, be dismissed. Civil Code, sec. 266.

2. No ground for attachment was made out under section 249 of the Civil Code. The allegation is not made that the debt was due. Section 237 was intended to cover a case like this. Besides the grounds of attachment were not sustained by the proof. Defendant had a right to sell mortgaged property where the mortgage itself contemplated that he should do so.

3. The filing of the unverified answer was a sufficient controverting of the grounds of attachment. If the plaintiff wished to object to the pleading for failure of verification he could have done so. Not having made objection and the attachment having been tried out as if the grounds had been controverted, plaintiff can not now complain.

JUDGE BURNAM delivered the opinion of the court.

This action was instituted on March 16, 1896, to enforce a mortgage lien on a stock of goods. At the same time, the plaintiffs sued out an attachment, under section 249 of the Civil Code. They allege that defendants agreed to pay them on the 13th day of May, 1896, $350, and to secure the payment of the debt made to them a mortgage on their stock of goods, wares, and merchandise; that "they have reasonable cause to believe, and do believe, that, unless prevented by the court, the mortgaged property will be sold, concealed, or removed from the State;" and asked that an attachment be granted.

At the May term, 1896, defendants answered, admitting the execution of the note and mortgage, but denying the grounds of the attachment; and aver "that the debt sued on was not due until May 13, 1896; and they submit to the court that the plaintiffs are not entitled to, and should not have a judgment at this term, as the property attached has

been sold, by an order of the court, and brought a price more than sufficient to pay plaintiff's debt; that bond was taken for the purchase-money, payable in six months after date, and would be due in October next, until which time defendants ask that the case be continued."

The only evidence in the case is the deposition of plaintiff who testified that he believed that, unless prevented by the court, the property covered by his mortgage would be sold, concealed, or removed from the State; and that the reason of his belief was that defendants were disposing of their goods, and not replenishing their stock or paying his debt.

Upon the trial, the court gave judgment for the debt, and dismissed the attachment; and from that part of the order this appeal is prosecuted.

At the threshold of the case, we are met with a motion by appellees to dismiss the appeal, on the ground that this court has no jurisdiction, because the only issue in the court below was upon the attachment, and that all that is involved on the appeal would be the costs thereof; relying upon section 266 of the Civil Code, which provides: "An order for the discharge of an attachment made at or before the rendition of a judgment in the action shall be final, and can not be re-instated, as authorized by section 270, but shall be the subject of appeal, if the amount in controversy be such as to authorize an appeal."

The right of appeal from an order dismissing an attachment must be determined by the amount prayed for in the petition. The attachment is a mere incidental remedy; and, besides, its dismissal involves greater liability. If the attachment was improperly sued out, the mere cost of the attachment is not the full measure of liability on the part of plaintiffs. They may be liable to an action for

damages for the illegal suing out of the attachment. The motion should be overruled. See Hawkins v. Baldauf, 10 Bush, 624.

It is further contended for appellees that the specific attachment authorized by section 249 of the Code can not be taken advantage of until after the maturity of the obligation sued on; that sections 237 and 238 of the Code cover all the causes for which a creditor may obtain an attachment before the maturity of his debt. Section 249 provides: "In an action to enforce a mortgage of, or lien upon, personal property; or for the recovery, partition or sale, of such property; or, by a plaintiff having a future estate or interest therein for the security of his rights, if it satisfactorily appear, from a verified petition, or from affidavits, or the proofs in the cause, that the plaintiff has a just claim, and that the property is about to be sold, concealed, or removed from the State; or if the plaintiff states on oath that he has reasonable cause to believe and does believe that, unless prevented by the court, the property will be sold, concealed, or removed from the State, an attachment may be granted against the property."

By this section a mortgagee is given a special remedy to secure the preservation of personal property on which he has a lien or future interest, which may be resorted to, and an attachment obtained against the property covered by the mortgage, when he has reasonable cause to believe that it will be fraudulently sold, concealed, or removed from the State, whether the debt secured by the mortgage is due or not; otherwise a mortgagee would be powerless to prevent the removal of personal property from the State on which he has a mortgage lien, unless he should at the same time have the grounds for a general attachment re-

quired by sections 237, 238.   There can be no doubt that
"when a creditor has a lien upon goods, and they are about
to be sold in violation of his rights, he can have the speci-
fic attachment provided for by section 249, without alleg-
ing or proving an actual fraudulent intent on the part of
the debtor; but, where the selling is in accordance with
the agreement of the parties, as the selling of a stock of
merchandise in the ordinary course of trade, it does not
come within the spirit or reason of the statute; nor does
the fact that the debtor is selling the goods as contem-
plated, but not applying the proceeds to the payment of
the debt or debts the lien was intended to secure entitle
a creditor to an attachment."   See Locke v. Boles, 14 Ky.
Law Rep., 573.

It will be observed that section 249 does not require an
allegation that the debt is due.   The debt sued on was not
due, and it was manifestly the intention of the parties that
defendants should have a right to conduct the store and
sell the goods covered by the mortgage; and there is no
evidence that any part of the stock  had been concealed or
removed from the State.   We are of the opinion that the
proof does not sustain the ground of the attachment.

It is contended for appellants that, as the answer of
defendants was not sworn ·to, the ground of attachment
was not controverted, as required by section 263 of the
Civil Code, and must be therefore taken. as true.   The
grounds for plaintiffs' attachment were set out in their
petition, and were specifically denied in the answer.   They
could by motion have required defendants to verify their
answer, and upon failure to do so could have had it stricken
from the record, and this is the ordinary practice; and the
fact that the answer was not verified was not made a
ground of objection on the trial in the court below, which

precludes the raising of that point for the first time on appeal in this court.

For the reason that the proof fails to support the ground of the attachment, the judgment must be affirmed.