## Hillman v. Hall.

(Decided April 23, 1912.)

### Appeal from Hickman Circuit Court.

Attachments—Specific Attachments—What Affidavit and Proof Need Not Allege.—Unlike the affidavit and proof required in order to procure the issual of and sustain a general order of attachment, the affidavit and proof for a specific attachment need not allege that the property is about to be sold, concealed or removed from the State with a fraudulent intent to cheat, hinder and delay creditors. The ends of the law are satisfied when the allegation is made and supported by proof that the property is about to be sold or concealed or removed from the State.

SMITH, FLATT & SMITH for appellant.

BENNETT, ROBBINS & THOMAS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

J. A. Hall was the owner of certain hotel fixtures and furniture in a hotel in Clinton, Kentucky. He also owned a bus and team of horses which were used in conveying passengers from the depot to his hotel. In July, 1909, he sold said furniture, fixtures, bus and horses to Mrs. Laura Berry for $1,700, the purchase price to be paid in fixed amounts at stated intervals, covering a considerable period of time. Notes were executed for the purchase price and it was stated therein that the failure of the purchaser to meet any payment when due precipitated the maturity of all the remaining notes. The notes were secured by a mortgage upon the property sold and also upon a house and lot in Clinton.

In November, following, Mrs. Berry sold the hotel furniture, fixtures, bus and horses to W. L. Hillman for $1,600, and took his promissory notes therefor, secured by a mortgage on the same property. These notes were assigned by Mrs. Berry to J. A. Hall as additional security for her indebtedness to him. She paid to Hall $650 on her debt, leaving a balance of $1,050, with interest.

On May 5, 1910, Mrs. Berry, having defaulted in the payment of her debt, Hall instituted suit in the Hickman Circuit Court and sought to recover the balance due him. In June following he filed an amended petition, making Mrs. Berry a party defendant, and on the filing of said amendment he executed a bond and caused a general order of attachment to be issued against the property of the defendants, Hillman and Mrs. Berry. This attachment was never executed. On June 21st, following, the plaintiff filed an affidavit and procured the judge of the Hickman County Court to issue an order directing a specific attachment against the property described in the mortgage, and said specific attachment issued from the circuit court clerk's office on said day and was levied on the property covered by the mortgage. Notice was twice served upon the plaintiff by the defendant, Hillman, that he would seek to have said specific attachment discharged, but no action was taken thereon until October 19th, when the motion was made in open court and, upon consideration, sustained by the judge, and the specific attachment discharged.

The defendant, Hillman, while admitting the validity of plaintiff's debt, asserted a claim for damages sustained by him because of the issual of the specific attachment, and fixed the amount of his damage at $3,575. Plaintiff denied that he had damaged defendant in any sum whatever, and, upon a trial of this question before a jury, the defendant was awarded $100 damages. Being dissatisfied therewith, he appeals. Plaintiff has prosecuted a cross-appeal and seeks a reversal of the rulings of the chancellor in so far as he held that plaintiff did not have sufficient grounds to justify him in suing out the specific attachment.

We will first dispose of the question raised by the cross-appeal, for if the contention of appellee is correct, and the court erred in discharging the specific attachment, the basis of appellant's action for damages is de-

stroyed and a consideration of that branch of the controversy becomes unnecessary.

Section 249, of the Civil Code of Practice, provides that "in an action to enforce a mortgage of or lien upon personal property * * * if it satisfactorily appear, from a verified petition, or from affidavits, of the proofs in the cause, that the plaintiff has a just claim, and that the property is about to be sold, concealed or removed from the State; or if the plaintiff state on oath that he has a reasonable cause to believe and does believe that, unless prevented by the court, the property will be sold, concealed or removed from the State, an attachment may be granted against the property."

Thus, in order to justify the issuing of a specific attachment it must appear, first, that the party seeking it has a mortgage or lien upon the property sought to be subjected to the attachment. The petition and amended petition show that appellee had a mortgage on the property described therein to secure him in the payment of the balance due on his debt, amounting to $1,050, with interest.

The next prerequisite is that it must appear from the verified petition or affidavit or the proofs in the case that the plaintiff has a just claim. The affidavits filed in the case state that the claim is just, and appellant, in his testimony, admits an indebtedness upon this mortgage of the balance claimed.

And lastly, it must appear in the affidavit and proof that the property is about to be sold, concealed or removed from the State, or the plaintiff must state on oath that he has reasonable cause to believe and does believe that, unless prevented by the court, the property will be sold, concealed or removed from the State. Unlike the affidavit and proof required in order to procure the issual of and sustain a general order of attachment, the affidavit and proof for a specific attachment need not allege that the property is about to be sold, concealed or removed from the State with a fraudulent intent to cheat, hinder and delay creditors, etc. The fraudulent intent need be neither alleged nor proven, but the ends of the law are satisfied when the allegation is made and supported by proof that the property is about to be sold or concealed or removed from the State, or that the plaintiff has reasonable cause to believe and

does believe that, unless prevented by the court, the property will be so sold, concealed or removed from the State. In the affidavits filed by appellee he alleged that the property was about to be sold, and appellant testified that it was about to be sold, thus confirming the statement made by appellee in his affidavit and furnishing him the necessary proof to support his allegation to the effect that it was about to be sold.

No brief has been filed by appellant and we are not advised as to the ground upon which the chancellor rested his opinion upon this point. However, it must have been upon the idea that, in order to support a specific attachment, it was necessary that appellee show that the contemplated sale of the property by appellant was about to be made with a fraudulent intent to cheat, hinder and delay his creditors. In Lock v. Boles, 14 Ky., Rep., 573, Bell v. Mansfield's Assignee, 12 Ky. Rep., 89, and Schnabel v. Jacobs, et al., 105 Ky., 774, it was expressly held that, in order to support a specific attachment, it is not necessary to allege or prove an actual fraudulent intent upon the part of the debtor. This distinction between the affidavit and proof required in order to support a general order of attachment and that required to support a specific attachment evidently grows out of the fact that, in cases where a general order of attachment is sought, the creditor has neither mortgage nor lien upon the property sought to be subjected to the payment of his debt. He has no claim upon it other than that which the law gives him by virtue of his attachment, and this he is not entitled to except upon a showing on his part that the debtor is about to dispose of his property with a fraudulent intent to cheat, hinder and delay his creditors, and therefore, in order to prevent him from doing so, the statute provides the attachment may be issued. But where the property of a debtor is encumbered by a lien or mortgage, the party holding the lien or mortgage has, by virtue thereof, such an interest in the property as that the debtor may not dispose of it or attempt to dispose of it without the consent of his creditor, and when he does so the creditor may at once, by complying with the Code provision supra, cause a specific attachment to be issued and levied thereon.

Since the affidavit filed by appellee conformed to the requirements of the Code provision and was abundantly supported by the proof, the chancellor erred in discharg-

ing the specific attachment. On the contrary, he should have sustained it and refused to permit appellant to set up or assert a claim for damages because of the suing out of the said specific attachment. Plaintiff was entitled to have a judgment for the balance of his mortgage debt with interest and costs.

The judgment upon both the original and cross appeals is reversed and cause remanded with instructions to enter a judgment in conformity with this opinion.