## Ford v. Witty, et al.

(Decided December 15, 1922.)

### Appeal from Livingston Circuit Court.

1. Attachment—Specific Attachment—Unrecorded Mortgage.—Under the provisions of section 249 of the Civil Code a specific attachment may only be issued in an action to enforce a mortgage or lien upon or for the recovery, partition or sale of personal property, or by one having a future estate or interest therein; and a specific attachment issued in an action by a creditor, who had an unrecorded mortgage but did not assert the same in his action, is unauthorized, and the levy of same upon personal property acquired no lien thereon.

2. Attachment—Amendment—Unrecorded Mortgage.—In such an action where an amendment is filed asserting the unrecorded mortgage, the filing of same did not give him priority over the valid attachment liens acquired by other creditors prior thereto.

ALEXANDER & MIDDLETON for appellant.

C. H. WILSON and CHARLES FERGUSON for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Affirming.

On November 19, 1919, appellant filed his ordinary action against E. F. Witty on an account for eighteen hundred and ten dollars and eighteen cents for goods, wares and merchandise alleged to have been sold to defendant.

It is alleged that the defendant owned and operated a general merchandise store in Livingston county and that his stock of goods therein was about to be sold, con-

cealed or removed and that plaintiff had reasonable cause to believe and did believe that unless prevented by the court the said stock of merchandise would be sold, concealed or removed. Plaintiff then prays for a specific attachment against the above named stock of merchandise and that same be sold and the proceeds applied to the satisfaction of his debt·

On the same day the county judge of Livingston county entered an order reciting that as the circuit judge of that district was absent from the county a specific order of attachment be granted to the plaintiff against the said stock of merchandise belonging to defendant and, accordingly, such attachment was issued, after bond executed, and the attachment was levied on the property therein described.

Some time thereafter and before September, 1920, other creditors of Witty filed their several actions and caused to be sued out valid general orders of attachment which were levied on the same stock of goods. The actions were consolidated, and thereafter on the 8th day of September, 1920, appellant Ford offered to file an amended petition wherein for the first time he alleges that he had a mortgage on the stock of goods so owned by defendant and that by reason thereof he had a lien on the stock of merchandise. The mortgage was filed with the petition and does not show that it had ever been recorded, and in fact it is conceded it had not been.

The judgment of the court discharged the specific attachment attempted to be levied on the stock of goods by appellant because his pleadings showed no right to the same, and adjudged the proceeds of the stock of goods to the other attaching creditors. Appellant in his original petition made no reference whatsoever to the fact that he had a mortgage or lien on the stock of goods in question, and under the provisions of section 249 of the Civil Code such specific attachment may only be issued in an action to enforce a mortgage or lien upon, or for the recovery, partition or sale of personal property, or by one having a future estate or interest therein, and it is plain that in the absence of the assertion of his mortgage the issue of the specific attachment was unauthorized, and appellant acquired no lien on the property by reason of its levy.

Nor did the allegations of appellant's original petition authorize the issual of a general order of attachment, for the reason that the necessary allegations there-

for prescribed under the provisions of section 194 of the Civil Code were not made, and for that reason the specific attachment cannot be regarded as a general order of attachment, there being no grounds alleged for either. Hillman v. Hall, 147 Ky. 845.

The question appears to be solely one of priority, and as the other attaching creditors had levied upon the stock of goods valid attachments before appellant perfected or attempted to perfect his unauthorized specific attachment, the court properly adjudged them priority. The filing by him of his amended petition in September, 1920, when for the first time he alleged he had a mortgage on the stock of goods and when for the first time he had shown himself entitled to a specific attachment, did not relate back to the order of specific attachment issued when he filed his original petition so as to affect the priority acquired in the meantime by the other attaching creditors. The Harbour-Pitt Shoe Co. v. Dixon, 22 R. 1169 (60 S. W. 186).

Judgment affirmed.