## NEWBURG AND GOLDSMITH *v.* NATHAN MUNSHOWER.

1. The rule that an officer is justified by his process, not void upon its face, is one of protection only; and although the officer may execute such process, yet if it is in fact void for want of jurisdiction in the court or officer issuing it, he may refuse to execute it, and no action will lie against him for such refusal.

2. Where a joint judgment is rendered against several defendants, part of whom only were served with process, such judgment is void as against the parties not served; but as against the parties served, it is voidable only.

3. In an action against an officer for default in executing process of execution, the plaintiffs, in their petition described the process as having been issued upon a judgment recovered jointly against two defendants. *Held*, that a judgment rendered against both defendants in an action in which only one of them was served with process, did not support the petition, and that there was no error in refusing to allow the record of such judgment to be given in evidence.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Lawrence county.

The original action was brought by the plaintiffs in error against the defendant in error, to recover the amount of an execution and ten per cent. penalty, under sections 171 and 201 of the justices act. 1 S. & C. 800–804.

The petition alleged, in substance, that on the 10th day of June, 1875, the plaintiff recovered a judgment before E. G. Brammer, a justice of the peace of Lawrence county, against James Lee and Richard O'Tool, late partners under the name of Lee & Co.; that an execution was duly issued on said judgment, and delivered to the defendant as constable on the 2d day of July, 1875, which he undertook to execute according to the command thereof; that the defendant as such constable made default, and did not return said execution to the justice within thirty days as required by law, and that by such default he became liable to the plaintiffs for the amount of said judgment in the execution set forth, and for a penalty of ten per centum thereon.

For these amounts the plaintiffs asked judgment.

The defendant in his answer denied the recovery of the judgment by the plaintiffs, as in their petition alleged; and he also denied that any lawful execution came into his hands, as averred in the petition.

On the trial, the plaintiffs, to prove the recovery of the judgment alleged in the petition, offered in evidence the docket of Justice Brammer. The docket showed that the plaintiffs instituted a suit before the justice against James Lee and Richard O'Tool, late partners under the name of Lee & Co., on an account; that summons was duly issued against the defendants, which was duly returned, served as to O'Tool by copy left at his usual place of residence, and as to Lee " not found."

On the day set for trial, judgment was rendered against both defendants for the amount of the account and for costs of suit.

On the defendant's objection, the evidence thus offered was excluded; and no other record evidence of the judgment being offered, and no leave to amend being asked for

by the plaintiffs, the jury, under the direction of the court, returned a verdict for the defendant, on which judgment was rendered.

On error, the district court affirmed the judgment. To reverse these judgments, leave is now asked to file a petition in error.

*Benjamin Garvey*, for the motion.
*Neal & Cherrington*, and *W. H. Enochs*, contra.

WHITE, J. We find no error in excluding from the jury the record of the judgment as found in the docket of the justice.

The rule that an officer is justified by his process, not void upon its face, is one of protection only; and although the officer may execute such process, yet if it is in fact void for want of jurisdiction in the court or officer issuing it, he may refuse to execute it, and no action will lie against him for such refusal. Crocker on Sheriffs, secs. 284, 286; *Earl and Camp* v. *Stone*, 16 Wend. 562; *Cornell* v. *Barnes*, 7 Hill, 35; Gwynne on Sheriffs, 573.

Hence where an execution regular on its face is issued without a judgment to support it, the officer to whom it is directed, may disregard its command without incurring any liability.

In the present case, the plaintiffs, to maintain their action, alleged the recovery of a joint judgment against two defendants, and the issuing of an execution thereon. The existence of such judgment was denied by the defendant; and it appeared that only one of the parties against whom the judgment was rendered was served with process.

There are authorities holding that a judgment thus rendered is wholly void. *Buffum* v. *Ramsdell*, 55 Maine, 252; *Holbrook* v. *Murray*, 5 Wend. 161; Freeman on Judgments, sec. 136.

In this state the judgment is not wholly void. *Douglass* v. *Massie*, 16 Ohio, 271; *Ash* v. *McCabe*, 21 Ohio St. 181.

The justice had no jurisdiction over Lee for want of

service of process, and the judgment against him was void. *Wood and Pond* v. *Stanberry,* 21 Ohio St. 186 ; *Penobscot Railroad Co.* v. *Weeks,* 52 Maine, 456. But the judgment against O'Tool, who was served with process, was voidable only.

The legal effect of the record of the justice was to prove a judgment against O'Tool alone. This was not the judgment described in the petition upon which it was alleged the execution was issued. It was substantially a different judgment, and as the pleadings stood was properly excluded.

The other questions raised in the case, we deem it unnecessary here to notice.

*Leave refused.*