Oicby, J.
There has been some doubt whether the provision of the civil code (section 57), in relation to the indorsement to be placed by the clerk on a summons, has been modified by the act of 1864 (S. & S. 575), with respect to an action to foreclose a mortgage where a personal judgment is sought. In Maholm v. Marshall, 29 Ohio St. 611, the judge who delivered the opinion, referring to a casein which an amount was stated in the indorsement, said that the judgment “ should be limited to the amount claimed to be due, indorsed on the summons.” The indorsement would mislead, if judgment for a larger sum could be permitted. But we are all of opinion that in a suit of this sort, no indorsement of the summons is required, whether a personal judgment and an order of sale are demanded, or. the prayer is that the amount due may be ascertained and the land sold to satisfy it.
In this case, however, the indorsement, though, unnecessary, did not render the process invalid or the judgment in the action voidable. The amount for which judgment was rendered was plainly indicated in the indorsement; and the statement that the plaintiff wanted, besides, “ equity relief,” could not mislead, for it fairly apprised the defend *502 ants served that Larimer sought, in addition to the personal judgment, relief of an equitable character; and an order for the sale of mortgaged premises is such relief.
Newburg v. Munshower, 29 Ohio St. 617, relied on to show that the judgment being void as to David W. Clemmer, was voidable as to George Clemmer, does not support the proposition. There the liability was joint, while here it is several. Besides, the district court affirmed the judgment as to George Clemmer, and no one has sought in this court to disturb it. Nor is the question presented whether David W. Clemmer, who had parted with all his interest in the mortgage, could properly be made a party in the suit to foreclose it. True, the act of 1864, above referred to, authorizes a personal judgment in such a suit, but the question whether the provisions of the civil code as to parties have been modified by that act, and if so to what extent, has not been directly presented, and we will express no opinion upon it. In King v. Safford, 19 Ohio St. 587, as in this case, the right to make the objection was waived. See also 21 Ohio St. 142, 277; 23 Ohio St. 579.
Further objection is made, that by the terms of the order, there can be no sale until there is default in payment of the judgment as to David W. Clemmer; and that as there is yet no liability on the part of David "W. to pay the judgment, the order of sale can not be enforced, and hence was properly reversed. But for the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment, such as is authorized by the act of 1864, was ever necessary. Nor is a mortgagee, who has parted with all interest in the mortgage, a necessary party in a suit to subject the property to the payment of the debt. Ludlow v. Grant, 8 Ohio St. 1. The judgment rendered in this case, though reversed as to David W. Clemmer,' as clearly indicated the amount due on the mortgage as if he had remained a party, or the amount due had been separately found; and, notwithstanding the reversal as to David W., the right to proceed with the sale, unless George Clemmer made payment, remained unaffected as to George Clemmer *503 and his wife. To reverse as to one of several defendants is virtually to strike his name from the judgment and order. The liability on the mortgage, moreover, in no way depended on the validity of the personal judgment; and the amount actually due on the mortgage having been ascertained—it matters not in what form the finding was made— the order of sale in default of its payment was properly made, and the district court erred in reversing it.
Leave granted, and judgment reversing the order of sale reversed.