## ALDRICH v. FRIEDMAN.

*Foreclosure of mortgage—Cross-petition and personal judgment by defendant against co-defendant assuming mortgage— Cause of action connected with the "subject of action"— Section 11317, General Code—Service of summons upon co-defendant residing in another county—Defendant bound by judgment, although misnamed in summons.*

1. A defendant in an action of foreclosure who holds a mortgage on the premises, the payment of which has been assumed by a codefendant, may file a cross-petition against such codefendant, have a summons issued and served, and recover a personal judgment against such codefendant on the liability created by the assumption of payment of the mortgage indebtedness.

2. A cause of action in a cross-petition based on an assumption of payment of a mortgage by a grantee in a deed of conveyance of land is directly connected with the subject of the action set forth in a petition to foreclose the mortgages and marshal liens on the real estate, within the provisions of Section 11317, General Code.

3. In an action to foreclose mortgages and marshal liens, the real estate involved and the mortgages thereon constitute the subject of the action, and a contract assuming payment of one of the mortgages, being directly connected with the subject of the action, a summons may issue on a cross-petition setting up such claim against a codefendant, and a personal judgment may be rendered thereon even though such codefendant is a resident of another county and service is made in such county.

4. Bertha M. Aldrich was a defendant in a foreclosure suit and a summons properly endorsed was issued and served upon her on a cross-petition filed by a codefendant, but the summons commanded the sheriff to notify "Bertha M. Jenkins" instead of "Bertha M. Aldrich." Her former name had been Bertha M. Jenkins and she was not misled by the error in the summons and knew there was no one by the name of Bertha M. Jenkins who was a party to the suit. Bertha M. Aldrich failed to appear and plead

in abatement and suffered a default judgment to be taken against her on the cross-petition: *Held*, that she is concluded by the judgment.

(Decided December 3, 1923.)

APPEAL:   Court of Appeals for Lucas county.

*Messrs. Calkins, Storey & Nye*, for plaintiff.
*Messrs. Graves, Stahl & Duff* and *Mr. Charles K. Friedman*, for defendant.

RICHARDS, J.   This is an action brought for the purpose of enjoining the enforcement of a judgment rendered in the court of common pleas of Henry county against the plaintiff and asking that said judgment be declared null and void.

So far as necessary to an understanding of the issues the facts are that one George W. Simmons was the owner of a tract of land in Henry county and executed a mortgage thereon in March, 1916, to one John W. Long for $5,000. Thereafter on October 24, 1916, Simmons conveyed the land to one Emma L. Jenkins, who assumed the payment of the existing mortgage and executed to Simmons a second mortgage on the property in the amount of $2,600. On November 18, 1916, the defendant, Charles K. Friedman, for a valuable consideration, purchased from Simmons the second mortgage and the promissory notes secured thereby and the same were duly transferred and delivered to him. In December, 1916, Emma L. Jenkins and her husband, Oliver J. Jenkins, who is the son of the plaintiff, executed a deed of conveyance for the premises to the plaintiff in this action, Bertha M. Aldrich. That deed is in form a regu-

lar warranty deed and contains the following language, by which the grantee assumed the payment of the incumbrances on the property:

"Except a mortgage for the sum of $5,000, a second mortgage for the sum of $2,600, interest on both mortgages, taxes and assessments now against said farm, the grantee assumes and agrees to pay."

On March 7, 1917, Bertha M. Aldrich and her husband conveyed the premises to Oliver J. Jenkins, who assumed the payment of the mortgages thereon.

On August 3, 1917, John W. Long commenced an action in the common pleas court of Henry county against Bertha M. Aldrich, George W. Simmons, Charles K. Friedman and others, asking for a foreclosure of his mortgage and for a personal judgment against the defendant George W. Simmons and averring that the other defendants had or claimed to have some interest in the premises and asking that they be made parties defendant and required to set up their respective claims or be forever barred. Summons was duly issued and served. On August 7, Charles K. Friedman filed an answer and cross-petition in that action setting up the second mortgage held by him, and the various promissory notes secured thereby, and averring that Bertha M. Aldrich had become the purchaser of the premises, and in the deed to her and as a part of the purchase price had assumed and agreed to pay the notes set forth in the various causes of action in his cross-petition. He asked a personal judgment against her by reason thereof. A summons was issued to the sheriff of Lucas county on the cross-petition thus filed by Friedman in Henry county, and the return of the sheriff shows

that he duly served the same on Bertha M. Aldrich by delivering to her a certified copy thereof. Bertha M. Aldrich made default and in due time the cause came on to be heard in the court of common pleas in Henry county, and such proceedings were had that at the January term, 1918, Charles K. Friedman obtained a personal judgment against her on her assumption of the mortgage indebtedness in the amount of $2,792. Thereafter the premises were sold at sheriff's sale, the purchase price not being quite sufficient to pay the first mortgage, and the sale was duly confirmed, thus leaving the claim of Friedman entirely unsatisfied.

The plaintiff in this action contends that the deed made from Emma L. Jenkins to her was without her knowledge and that she never received the same and never had any knowledge of the existence of the deed until the time that she conveyed the premises back to her son Oliver J. Jenkins, and she of course claims that she knew nothing of the fact that by the terms of the deed she assumed the payment of the mortgages existing upon the premises.

She further contends that the copy of the summons issued out of the court of common pleas of Henry county on the cross-petition of Charles K. Friedman, and handed to her by the deputy sheriff of Lucas county, was directed to Bertha M. *Jenkins,* and that such court had no jurisdiction over the person of Bertha M. Aldrich and no power or authority to render a personal judgment against her. She also contends that she was, during all the time, a resident of Lucas county, and was not in Henry county, for which reason she insists that the common pleas court in Henry county had no

jurisdiction to render any personal judgment against her on the cross-petition of Charles K. Friedman.

The title of the action pending in Henry county was *"John W. Long; v. Bertha M. Aldrich et al.,"* and a summons was duly served on Mrs. Aldrich on the petition filed in that case. The summons which was issued on the cross-petition to the sheriff of Lucas county for her was endorsed in the same manner, but appears to have commanded the sheriff to notify "Emma L. Jenkins, Oliver J. Jenkins, Bertha M. Jenkins and Ernest J. Ansted" that they had been sued by Charles K. Friedman and were required to answer by a date named in the summons. Mrs. Aldrich testifies that she did not know that this summons was intended for her, and that she delivered the same to her son or daughter-in-law. She did, of course, know that these other persons named in the summons on the cross-petition were the same ones that were involved in the action pending in Henry county and that they had been made parties defendant on the petition filed by John W. Long. She was the only "Bertha M." named in the summons on the cross-petition, and her name had, in fact, been Bertha M. Jenkins prior to her marriage to Mr. Aldrich, and she must have known that there was no person bearing the name of Bertha M. Jenkins who was a party to the action. It is difficult for the court to conclude that she was misled by the defect in the copy of the summons on the cross-petition which was served on her, which recited her name as Bertha M. Jenkins instead of Bertha M. Aldrich.

The true rule appears to be stated in 21 Ruling Case Law, 1324 and 1325. It is there said that all the cases agree that one summoned by a name

not his own, and who appears and does not plead misnomer, is bound by the judgment in the wrong name, but that there is some conflict in the authorities as to whether the same result would follow if he did not appear and the judgment was rendered by default. The author then states that the weight of authority is that this makes no difference, and if the writ is served on the party intended to be sued, and such party fails to appear and plead in abatement, and suffers judgment to be rendered by default, the party so in default is concluded by the judgment.

Certainly the court had no jurisdiction to render a personal judgment against her on the crosspetition without a summons properly served on her, or an entry of appearance by her, but she was already a party to the action and was familiar with the names of the defendants which were recited in the copy of the summons on the crosspetition left with her. We conclude that the defect in the service did not mislead her and is not sufficient to invalidate the judgment thereafter rendered against her.

Did the Henry county court of common pleas have jurisdiction to render a personal judgment against her in view of the fact that she was at the time a resident of Lucas county and served with summons therein? A solution of this question involves a construction of General Code, Section 11317. That section defines a counterclaim and requires that it must arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or be connected with the subject of the action.

The deed executed to Mrs. Aldrich recited that

she assumed the payment of both mortgages outstanding on the premises. The plaintiff therefore might, by appropriate averments, have set up that fact and charged her with a personal liability for the payment of the mortgage which he was seeking to foreclose. Her liability thereon was so closely connected with the subject of the plaintiff's action that such an averment would have been entirely appropriate, and the same clause that rendered her liable for the indebtedness due to the plaintiff also created a liability against her in favor of the cross-petitioner, Charles K. Friedman. As the plaintiff would have been entitled to proceed against her on her personal liability by reason of her assumption of the mortgage indebtedness to him, it is difficult to see why the defendant in his cross-petition might not pursue the same remedy in view of the fact that the mortgages covered the same property and the assumption of payment was in the same clause. Indeed a case might be easily imagined where it would be necessary for the court to adjudicate on the personal liability of those who assume the payment of mortgages in order to determine whether the liability thus incurred was primary or secondary to the mortgaged property itself. We are satisfied that the claim in the cross-petition to recover a personal judgment against Bertha M. Aldrich is connected with the subject of the action set forth in plaintiff's petition, within the language of the section of the General Code already cited.

The words "subject of the action" have received innumerable definitions, and in order to avoid multiplicity of actions courts have given them a broad construction. 1 Corpus Juris, 946;

*B. & O. Rd. Co.* v. *Hollenberger,* 76 Ohio St., 177, 181; *Mayer* v. *Klug,* 10 Ohio App., 303. We agree with the citation made by Judge Cushing in the latter case where Chief Justice Church is quoted as saying:

"This language is very general and very indefinite."

We do not regard the fact of the residence of Bertha M. Aldrich in Lucas county as important. The original action was properly planted in Henry county, and the power and jurisdiction of the common pleas court of that county over her did not depend upon her residence, but upon the question whether the cause of action set up in the cross-petition against her was, within the language of the code, "connected with the subject of the action."

We do not find any reported Ohio case where the right of a cross-petitioner on a mortgage to recover a personal judgment against a co-defendant who has assumed its payment has been determined, but the precise question has been decided under a code of practice very similar to ours, in *Montpelier Savings Bank & Trust Co.* v. *Arnold,* 81 Iowa, 158. After full consideration it was there decided that a cross-petitioner, setting up notes and a mortgage on the same premises that the plaintiff held a mortgage on, and having made appropriate averments, would be entitled to a personal judgment against a codefendant who had assumed the payment of his mortgage, the court holding that the real estate involved and the mortgages thereon constituted the subject of the action. An attentive reading of *Giddings, Exr.,* v. *Barney,* 31 Ohio St., 80, and *Southward* v. *Jamison,* 66 Ohio St., 290, compels the belief that if there had been appropriate averments, and the issuance and serv-

ice of summonses on the cross-petitions, the Supreme Court would have found no obstacles in the way of approving personal judgments on the cross-petitions.

Counsel for plaintiff rely on *Krause* v. *Guarantee Title & Trust Co.,* 13 C. C. (N. S.), 477. The question decided in that case was not precisely identical with the one in the case at bar. The matter there under investigation was the right of a cross-petitioner to a personal judgment against a codefendant on a subsequent mortgage on the same premises, and it was there held that no such right existed. Bertha M. Aldrich had executed no mortgage upon the premises involved in the present action, and no such liability was sought to be enforced against her. The liability which the cross-petitioner sought to enforce was, as has already been stated, upon her written assumption to pay the mortgage indebtedness upon the premises. Whether this distinction between the case of *Krause* v. *Guarantee Title & Trust Company* and the case at bar is material is not important for this court to decide. If the holding in that case is broad enough to cover the kind of a case now under consideration we cannot follow it.

The summons which was issued upon the cross-petition of the defendant Friedman was regular in every respect except that the copy which was served upon Bertha M. Aldrich was defective in the respect named. She was, however, sufficiently advised of the claim made against her and therefore had her day in court, a court which had jurisdiction of the subject-matter and of her person.

*Decree for defendant.*

CHITTENDEN and KINKADE, JJ., concur.