## Capper v. Short et ux.

(Decided December 7, 1928.)

### Appeal from Boyd Circuit Court.

1. Judgment.—A judgment rendered in Ohio by a court of general jurisdiction, if valid in Ohio, is, under Constitution, U. S., art. 4, sec. 1, valid in Kentucky, and cannot be collaterally attacked.
2. Judgment.—Though, under Constitution, U. S., art. 4, sec. 1, judgment of Ohio court is entitled to same effect in tribunals of Kentucky that it is entitled to in Ohio, it can be attacked in Kentucky on any grounds that would invalidate it in Ohio.
3. Judgment.—Under law of Ohio, which governs judgment sought to be enforced, which was rendered in Ohio, joint judgment against several defendants, some of whom were not before the court, was erroneous as to defendants who were properly before court, but not void, and cannot be collaterally attacked, although void as to defendants who were not before court.
4. Judgment.—Where cross-petition in action in Ohio sought relief against codefendants of nature totally different from that sought in petition and pleadings filed therein by codefendants. was an

answer to petition, and not to cross-petition, of which such defendants had no knowledge, held that under Ohio laws, codefendants were not charged with notice of matter set up by cross-petition against them, and hence court was without jurisdiction to render personal judgment against codefendants on such cross-petition, and such judgment was void.

S. S. WILLS and JOHN S. FULLERTON for appellant.

GEO. B. MARTIN and JOHN L. SMITH for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant, Brook Capper, brought this action in the Boyd circuit court against the appellees, Walker Short and Addie Short, his wife, upon a judgment alleged to have been rendered on June 3, 1925, in the court of common pleas of Lawrence county, Ohio. The Ohio judgment was for $4,313.82 in favor of Brook Capper against H. R. Johnson, Cordia Johnson, and the appellees.

As the principal question in issue on this appeal is the validity of the Ohio judgment, it will be necessary to give a brief history of the proceedings leading up to that judgment. On April 1, 1920, the appellees, Walker Short and Addie Short, executed to F. A. Ross, treasurer of Briggs Library, a mortgage on a farm in Lawrence county, Ohio, then owned by them, to secure a loan of $8,000. On January 17, 1923, and after this indebtedness had been reduced to $6,500, they sold and conveyed the land to H. R. Johnson, who assumed the mortgage indebtedness to Ross, treasurer, and in addition agreed to pay the Shorts $4,775.80 for which he executed six notes, payable as follows: $750 in one year, $250 in one year, $1,000 in two years, $1,000 in three years, $1,000 in four years, and $775.80 in five years. To secure the payments of these notes, H. R. Johnson and Cordia Johnson, his wife, executed a mortgage to the Shorts. The Shorts retained the two notes for $750 and $250 each due one year after date, and sold and assigned to Brook Capper the other four notes, amounting to the principal sum of $3,775.80.

Thereafter, on February 2, 1925, F. A. Ross, treasurer, instituted an action in the common pleas court of Lawrence county, Ohio, against H. R. Johnson and wife, Brook Capper, Walker Short and wife, and certain other defendants, who were claiming liens upon the real estate in question, in which he sought to enforce the first mortgage lien. Summons was issued, but never served upon

the Johnsons or Shorts; all of them at that time being nonresidents of Ohio.

On March 4, 1925, Brook Capper filed his separate answer in the action. His answer was in two paragraphs, in the first of which the existence of the mortgage held by the plaintiff was admitted, and he joined in the prayer of the plaintiff for a foreclosure of that mortgage. In the second paragraph, which was styled a cross-petition, he set up his ownership of the Johnson notes, aggregating $3,775.80, assigned to him by the Shorts, the execution of the mortgage from the Johnsons to the Shorts, and the assignment thereof by the Shorts to him, and a breach of its conditions was then alleged, and while it was not specifically alleged that the Shorts were indebted to him in any sum, by the prayer of the petition judgment was asked against both the Johnsons and Shorts. Summons was issued on this cross-petition, but returned "not found" as to the Johnsons and Shorts, and on March 16, 1925, an affidavit for constructive service on the Shorts and Johnsons was filed.

On May 2, 1925, a pleading styled an answer and cross-petition was filed on behalf of Walker Short and Addie Short, in which the allegations of the petition of Ross, treasurer, were admitted, and by the cross-petition it was alleged that the Shorts were the owners of the $750 note executed by Johnson to them, which was one of the series of notes secured by the second mortgage, and a lien was asserted to secure its payment, and judgment in the sum of $750 was asked against the Johnsons. No reference was made in this pleading to the allegations in the cross-petition of Brook Capper. On May 23, 1925, an order was entered adjudging that the Johnsons were indebted to the plaintiff, Ross, treasurer, in the sum of $7,783.16, and adjudging a lien to secure the payment thereof, and directing that the property be sold upon default in payment of the indebtedness within three days after the entry of the decree. On June 3, 1925, an order was entered adjudging that the Johnsons and Shorts were indebted to Brook Capper as alleged in the latter's cross-petition, and a judgment was entered against the Johnsons and Shorts in favor of Capper in the sum of $4,313.82, and directing that their equity of redemption be foreclosed and the premises sold upon their failure to satisfy the judgment within 10 days. Some time prior to July 15, 1925, the property was sold for $8,666.67; Brook

Capper being the purchaser. On July 15, 1925, the sale was confirmed and the proceeds were ordered to be applied, first, in payment of the indebtedness of Ross, treasurer; and, second, the balance to be applied on Brook Capper's judgment. By the same order in which the sale was confirmed and the proceeds distributed, the answer and cross-petition of Walker Short and Addie Short were withdrawn and the same dismissed.

Thereafter this action was brought in the Boyd circuit court and an attachment caused to issue. The appellees interposed the following defenses: (1) That by accord and satisfaction the claim sued on had been satisfied; (2) that inasmuch as the Johnsons were never served with process in the action, and never appeared therein for any purpose, the judgment was void as to them, and being joint and entire as to them and the Shorts was void as to all; (3) that the common pleas court of Lawrence county, Ohio, at the time of the rendition of the judgment sued upon, had no jurisdiction of the subject-matter set up in the cross-petition of appellant in the Ohio court which would give it the right to render a personal judgment against the Shorts; (4) that the common pleas court of Lawrence county, Ohio, had no jurisdiction over the persons of the Shorts upon the cross-petition of Capper.

Appropriate pleadings made the issues, and, the cause by agreement having been submitted to the court upon the pleadings and proof, a judgment was entered dismissing the plaintiffs' petition, and from that judgment this appeal is prosecuted.

There is some evidence tending to show that an agreement was entered into between Walker Short and Capper whereby the latter agreed that, if Short would withdraw his $750 note, he (Capper) would bid a sufficient amount for the property at the sale to take care of his own and the Briggs Library debt. Short claims that relying upon this agreement he made no preparation to bid upon the property and instructed his attorney to withdraw his claim. The evidence on this point is slight, and we do not think it is of such a convincing nature as to authorize the judgment.

The judgment rendered in Ohio upon which this action was based was rendered in a court of general jurisdiction and, if valid in Ohio, is valid here and cannot be collaterally attacked. By virtue of section 1 of article 4 of the Constitution of the United States and the federal

statutes enacted thereunder, full faith and credit must be given in each state to the properly authenticated public acts, records and judicial proceedings of every other state. Fletcher v. Ferrel, 9 Dana, 377, 35 Am. Dec. 143; Davis v. Connelly's Executors, 4 B. Mon. 136; Calloway v. Glenn, 105 Ky. 651, 49 S. W. 440, 20 Ky. Law Rep. 1447; Brand v. Brand, 116 Ky. 785, 76 S. W. 868, 25 Ky. Law Rep. 987, 63 L. R. A. 206; 15 R. C. L. p. 927, secs. 407-410. The judgment here in question is entitled to the same effect in the tribunals of this state that it is entitled to in the state of Ohio, but it can be attacked here upon any grounds that would invalidate it in the state where it was rendered. Upon the question of the validity of the judgment in Ohio, two distinguished jurists of that state were introduced as witnesses, Hon. E. E. Corns for the plaintiff, and Hon. A. J. Layne for the defendants. Each of these witnesses has served as judge of the court of common pleas of Lawrence county, Ohio.

The Ohio judgment was a joint judgment against the appellees and their codefendants, the Johnsons. The Johnsons were never before the court, and the judgment as to them is void, and it is argued that, since this is true, it is void as to all of the joint defendants. Such is not the rule in Ohio. In Douglass' Lessee v. Massie, 16 Ohio 271, 47 Am. Dec. 375, the court said:

"Where a summons has been served upon a part only of several named as defendants, and judgment is rendered against all, the judgment is erroneous and voidable, but not void."

And in Newburg v. Munshower, 29 Ohio St. 617, 23 Am. Rep. 769, the court said:

"Where a joint judgment is rendered against several defendants, part of whom only were served with process, such judgment is void as against the parties not served; but as against the parties served it is voidable only."

Conceding for the moment that the appellees were properly before the court, the judgment as to them was erroneous, but not void, and cannot be collaterally attacked, although the judgment was void as to the Johnsons, who were not before the court. Appellees' remedy was to take the proper steps within the period allowed by the laws of Ohio to have the judgment vacated. Blan-

chard v. Gregory, 14 Ohio 413, and Frazier v. Williams, 24 Ohio St. 625, cited on this point by counsel for appellees, go no further than to hold that such judgments are erroneous.

As to whether or not the court rendering the judgment had jurisdiction of the subject-matter set up in the cross-petition of appellant in the Ohio court, and as to the validity of a judgment rendered upon a petition which is demurrable because it does not state facts sufficient to constitute a cause of action, the following decisions of the Supreme Court of Ohio were introduced in evidence: City of Youngstown v. Moore, 30 Ohio St. 133; Pepper v. Sidwell, Administrator, 36 Ohio St. 454. In the City of Youngstown case, in the syllabus, which in Ohio is official, it is said:

"An objection to a petition, that it does not contain facts sufficient to constitute a cause of action, may be made at any time before final judgment in error; but, if no objection has been made prior to filing a petition in error in the supreme court, notice of such objection should, in some form, appear on the record in the reviewing court before the case is heard. A petition in a civil action, however inartistically drawn, but containing facts sufficient, if properly stated, to constitute a cause of action, will support a judgment entered on a general verdict in favor of the plaintiff, where no objection was made to the sufficiency of the petition before judgment."

No decisions of the Supreme Court of Ohio to the contrary are cited, and it appears that, under the rule announced in the cases, supra, the cross-petition filed by the appellant in the Ohio court was sufficient to sustain the judgment rendered in that court, provided a personal judgment can be rendered at all on a cross-petition in a proceeding of the nature of the one then pending in the Ohio court. In Krause v. Guarantee Title & Trust Co., 13 Ohio Cir. Ct. R. (N. S.) 477, it is said in the syllabus:

"Personal judgment cannot be recovered by a cross-petitioner in a foreclosure suit, notwithstanding the cross-petitioner holds an express lien on the same land upon which the plaintiff is seeking to foreclose."

The facts in this case were in substance that the plaintiff brought a suit to foreclose a mortgage, and the holder of a second mortgage filed a cross-petition to foreclose, and asked for a personal judgment which was granted by the trial court. In the course of the opinion the court said:

"When therefore in Revised Statutes, sec. 5069 (General Code, sec. 11317), the Legislature in defining a counterclaim uses substantially the same language as that contained in said paragraphs 1 and 2, and omits such language as is contained in paragraph 8, the conclusion would seem to follow that it designedly excluded the joinder in a cross-petition of a counterclaim for foreclosure with one for a money judgment, unless there is some other reason for such joinder. But be that as it may, it cannot ordinarily be said that merely because a defendant's claim for money is secured by an express lien on the same land as that to which the plaintiff's lien attaches, a cross-petition praying for a money judgment on such claim asserts a cause of action in favor of such defendant 'arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action' so brought by the plaintiff. The defendant's lien on the same land undoubtedly may give rise to a cause of action so connected; but a cause of action arising on the claim for money secured by such lien is wholly unconnected with any cause of action asserted by the plaintiff in foreclosure."

The Krause case has never been overruled or modified by the Supreme Court of Ohio, nor is there any opinion of a Court of Appeals of Ohio in conflict therewith, but the rule announced therein was recognized in Aldrich v. Friedman, 18 Ohio App. 302. Consequently the Krause case is binding upon all lower courts.

In the instant case the cross-petition of Capper was based upon four promissory notes, due in two, three, four, and five years after date, respectively, signed by the Johnsons, and originally payable to the Shorts, who had indorsed them to Capper. Only one of these notes was due when the judgment in favor of Capper was rendered. The judgment for this reason was erroneous, but

not void. The judgment against the Shorts was based
upon their liability as indorsers of the notes, and Judge
Layne testified that under the authority of the Krause
case the judgment was void, and not voidable, since the
court had no jurisdiction of the subject-matter, to wit,
the claim of Capper based on the indorsement of the
Shorts. However, we deem it unnecessary to decide
whether or not the judgment in question, because the
court rendering it was without jurisdiction of the sub-
ject-matter, is void under the laws of Ohio, since we are
of opinion that the judgment is void for another reason.

No summons was served upon the Shorts, but they
filed an answer and cross-petition subsequent to the filing
of Capper's answer and cross-petition. Their answer
was directed to the petition of the plaintiff, Ross, treas-
urer, and their cross-petition was against their code-
fendants the Johnsons. There was no reference in their
answer and cross-petition to any pleading theretofore
filed by Capper, and nothing to indicate that they knew
he had filed a cross-petition. The pleading filed by them
was plainly not an answer to Capper's pleading. It is
claimed, however, that the Shorts, by filing the pleading
referred to, in effect entered their appearance to the
cross-petition of Capper, and were charged with a knowl-
edge of all matters set forth therein, or in any other
pleading filed in the case.

We are of opinion that the case of Southward v.
Jamison, 66 Ohio St. 290, 64 N. E. 135, decides this ques-
tion adversely to appellant's contention. The facts of
the Southward case are substantially as follows: J. gave
a mortgage to C., and then sold the land to S., who as-
sumed the payment of the mortgage to C. C. brought
suit to foreclose the mortgage, and made S. a party de-
fendant, but did not ask personal judgment against him.
J. then answered, admitting the indebtedness to C., and
by a cross-petition set up the assumption of the indebt-
ness to S. No summons was issued on this cross-peti-
tion, but a personal judgment was rendered against S.
upon the cross-petition of J. The syllabus reads as fol-
lows:

> "So long as a cross-petition in an action is
> strictly confined to 'matters in question in the peti-
> tion,' the summons issued on the petition would
> be sufficient notice to sustain a judgment rendered
> on the cross-petition; but when the cross-petition

sets up matters which are not drawn 'in question in the petition,' and seeks affirmative relief against a codefendant, of a nature different from that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross-petition, especially when the cross-petition is filed after the defendant thereto is in default for answer to the petition, and a summons on a cross-petition in such case is necessary. Brown v. Kuhn et al., 40 Ohio St. 468, explained and qualified.''

And further:

''In an action to foreclose a mortgage, after the proceeds of the sale of the mortgaged premises have been exhausted, the court cannot award execution or render judgment for any balance due, against a person who has assumed and agreed with the mortgagor to pay the mortgage debt, unless the plaintiff elects to avail himself of the agreement to assume and pay, and alleges the same against the person assuming the mortgage debt, and the latter has been summoned to answer such claim.''

Other cases holding to the same effect are Bailey v. Young, 20 Ohio Cir. Ct. R. 546, and Aldrich v. Friedman, supra.

Under the rule announced in the Southward case the Shorts, by filing an answer to the original petition, only entered their appearance as to all ''matters in question in the petition,'' but they were not charged with notice of any matters set up by cross-petition against them. While it is true that in the Southward case the cross-petition was filed after the defendant was in default for answer to the petition, and the court in its opinion referred to that fact, it is clear that was not the controlling fact in the decision of the case, and we perceive no sound reason for making any distinction between a case where the defendant is in default for answer and where he is not in default. The court in the Southward case in its opinion said:

''So long as a cross-petition is strictly confined to 'matters *in question* in the petition,' there can be no doubt that the summons issued on the petition would be sufficient to sustain a judgment on the

cross-petition; but when the cross-petition sets up matters which are not drawn in question in the petition, and seeks affirmative relief against a codefendant, of a nature totally different from that sought in the petition, we think that the plainest principles of justice and constitutional law require that the party who is to be bound by the judgment should have notice of the claim made against him, and that in such case a summons issued on the petition does not confer jurisdiction to render judgment on the cross-petition. Besides, since the cross-petition was adopted in the Code from equity procedure, if the statute is not explicit as to the procedure, the equity practice, 'as modified by the spirit of the Code, must be resorted to; and under the chancery practice, when a defendant sought relief against a codefendant as to matters not apparent upon the face of the original bill, he must file his cross-bill, making parties thereto such of his codefendants and others as was necessary to the relief sought, and process was necessary to bring them in.' Fletcher v. Holmes, 25 Ind. 458; Pattison v. Vaughan, 40 Ind. 253; Bevier v. Kahn, 111 Ind. 200 (12 N. E. 169); Edwards v. Woodruff, 90 N. Y. 396. And see Spoors v. Coen, 44 Ohio St. 497, 502, 505 (9 N. E. 132), per Minshall, J. The judgment against Southward upon the cross-petition, whether it was upon the election and request of the plaintiff or not, was therefore null and void. Spier v. Corll, 33 Ohio St. 236; and it was competent to attack it in this proceeding. Kingsborough v. Tousley, 56 Ohio St. 450 (47 N. E. 541)."

The rule in this state seems to be in accord with the rule announced in the Southward case. Cavin v. Williams, 8 Bush, 343; Horine v. Moore, 14 B. Mon. 311; Miller v. Pryse, 49 S. W. 776, 20 Ky. Law Rep. 1544; United States Fidelity & Guaranty Co. v. Carter, 82 S. W. 380, 26 Ky. Law Rep. 665; Metropolitan Trust Co. v. Tracy, 171 Ky. 781, 188 S. W. 782. Here the cross-petition of Capper presented a distinct cause of action from that set out in the petition of Ross, treasurer, and the appellees had no notice by the petition of Ross that a personal judgment on the Johnson notes was sought against them. The cross-petition was not confined to matters in question in the petition, and sought affirmative relief against appellees of a nature totally different from that sought in the petition.

We conclude that under the authority of the Ohio cases, supra, the court of common pleas of Lawrence county did not have jurisdiction of the persons of the Shorts, and that the personal judgment rendered against them in favor of appellant is void. The lower court having so found, its judgment is affirmed.